Arthur L. HILL *v.* STATE of Arkansas

CR 77-215                                      566 S.W. 2d 127

March 6, 1978

*Harold L. Hall,* Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

## PER CURIAM

Appellant Arthur Hill was convicted by a jury of aggravated robbery and sentenced to ten (10) years imprisonment on July 2, 1976. No appeal from his conviction was taken. On May 5, 1977, appellant filed a pro se petition for postconviction relief pursuant to Criminal Procedure Rule 37, which was denied after a hearing on May 24, 1977. From the denial of appellant's postconviction petition comes this appeal.

Appellant's court-appointed counsel has filed a motion to be relieved as attorney of record, but in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), has submitted a brief stating there is no merit to the appeal. On January 28, 1978, appellant filed a pro se brief alleging no points for reversal but requesting this Court to reverse the findings of the circuit court. The State concurs with appellant's counsel that there is no merit to this appeal.

Appellant was represented by John Achor, Chief Deputy Public Defender, at trial. In addition to an allegation which was not proper for postconviction relief, in his postconviction petition, appellant alleged ineffective assistance of counsel based upon the failure to call a certain witness. Harold Hall, Public Defender, was appointed by the circuit court to represent appellant at the postconviction proceeding and presently on appeal. The alleged testimony of the witness who was not called to the stand was refuted by the State. However, counsel at the postconviction proceedings, upon diligent investigation, might have discovered other allegations of ineffective assistance of counsel. This Court requires that counsel represent an indigent with all the zeal and competence that one would a paying client. We question the

procedure whereby one public defender is appointed to represent an indigent alleging ineffective assistance of counsel of another public defender as being one in which a conflict of interest would inevitably arise. We suggest the better practice is to appoint counsel at postconviction proceedings wherein allegations of ineffective assistance of counsel are raised who does not practice law on a day to day basis with the lawyer against whom the allegations are made. The same rule would apply to members of the same law firm.

Accordingly, the judgment is reversed and remanded for appointment of counsel who is not associated with the public defender of Pulaski County to represent appellant during his postconviction proceedings. However, appellant's counsel's motion to be relieved as attorney of record is granted.

Reversed and remanded.

BYRD, J., dissents.