Dennis GLICK *v.* STATE of Arkansas

CR 77-206                                        566 S.W. 2d 728

Opinion delivered June 12, 1978

*Harold L. Hall,* Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

## PER CURIAM

On March 3, 1974, appellant plead guilty to six counts of rape in the Pulaski County Circuit Court, First Division. He received six sixty-year sentences, to run concurrently, on these charges. Appellant later sought to set aside the plea agreement as involuntary and for other reasons, pursuant to Rule 37, Rules of Criminal Procedure (Repl. 1977). Counsel was appointed and a hearing was held on April 13, 1977. The petition was denied, and from that opinion comes this appeal.

Appellant's attorney has filed a motion to be relieved as attorney of record, but in compliance with *Anders* v. *California,* 386 U.S. 738 (1967), has submitted a brief stating that there is no merit to the appeal. On December 28, 1977, appellant was notified of his right to file, within thirty (30) days, a *pro se* brief raising any issues he desired to have presented to this Court. Appellant has failed to file such a brief. The State concurs that there is no merit to this appeal.

Appellant raises several points for reversal. These deal with whether he was properly instructed about his rights at the time of the plea agreement and go to a determination of whether the plea was freely and voluntarily given. After a careful consideration of the record, we have determined that the plea was knowingly and voluntarily made and that the standards that we have set forth for such a determination were followed by the trial court. See *Byler* v. *State,* 257 Ark. 15, 513 S.W. 2d 801 (1974).

One other point, not raised by appellant, should be discussed. At the plea agreement the appellant was represented by a deputy public defender of the Sixth Judicial District. At this postconviction relief hearing, Harold Hall, Public Defender for the district, represented appellant. On its face it might appear that a conflict of interest arose which would have precluded Mr. Hall from representing appellant. See *Hill* v. *State,* 263 Ark. 478, 566 S.W. 2d 127 (1978). This case is readily distinguishable because in *Hill, supra,*

the assistant public defender was still a member of the public defender's staff at the time the ineffective assistance of counsel allegation was made. We noted that when attorneys work with each other on a day to day basis different counsel should be appointed to represent the defendant during post-conviction proceedings. In this case Robert Lowery, the assistant public defender who represented appellant at the plea agreement, had left the office when Mr. Hall was appointed to represent the appellant. Since they were no longer practicing together, the conflict that arose in *Hill, supra,* was not present in this case.

Upon review of the record and the briefs before this Court, we find this appeal to be wholly frivolous and without merit. Accordingly, counsel's motion to withdraw is granted and the judgment is affirmed.

Affirmed.