**Donnell MILSAP, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 13, 1984.

C. Thomas Hectus (of counsel), Gittleman & Barber, Louisville, Paul F. Isaacs, Public Advocate, Frankfort, for appellant.

K. Gail Leeco, Asst. Atty. Gen., David L. Armstrong, Atty. Gen., Frankfort, for appellee.

Before GUDGEL, HOWERTON and WILHOIT, JJ.

WILHOIT, Judge.

The sole question raised on this appeal is whether the appellant should be granted a new evidentiary hearing on his motion to vacate his criminal conviction for which he had received a sentence of twenty years' imprisonment upon a plea of guilty.

In his motion to vacate, filed pursuant to RCr 11.42, the appellant, an indigent person, alleged that his trial attorney, an assistant public defender in the Jefferson District Public Defender's Office, had failed to render the appellant effective assistance of counsel in the proceedings leading up to guilty plea. Another assistant from the same office was appointed to represent the appellant in the collateral attack on his plea. At the commencement of the evidentiary hearing on the matter, the following colloquy occurred:

THE COURT: The person that is here today to represent you in this motion also works for the Public Defender's Office. You understand that?

MR. MILSAP: Right.

THE COURT: But they are two different lawyers. They have two different personalities, backgrounds, and what have you. You understan[d] that?

MR. MILSAP: Yes, sir.

THE COURT: Now, with that in mind, knowing that they are both from the Public Defender's Office, is there any reason why the gentleman that is here today could not go ahead and represent you here at that proceeding?

MR. MILSAP: No sir.

THE COURT: Very well. Let's proceed then.

MR. MILSAP: Unless he feels that there's a conflict.

THE COURT: No, it's how you feel, not how he feels.

MR. MILSAP: Yes sir.

THE COURT: Is there any reason you feel that he cannot?

MR. MILSAP: No sir.

THE COURT: All right. Then you want him to go ahead and represent you in your motion today?

MR. MILSAP: Yes sir.

THE COURT: Very well. All right, let's hear the basis of the motion, Counsel.

MR. MILSAP: I would like to have a continuance and have another attorney appointed from another office. A private attorney.

THE COURT: Why is that?

MR. MILSAP: I don't think he is versed enough.

THE COURT: He has spent a long time in school. He's qualified. The Supreme Court says he's qualified.

MR. MILSAP: I am not that versed myself. The inmate that was helping me with my case, he is being—he's inmate counselor. He—my motion and other legal material and they were confiscated along with him. He's been in segregation for quite a while. I have an attorney but he's in another state who is assisting me.

THE COURT: You say another attorney is assisting you.

MR. MILSAP: No sir.

Following this, the appellant's attorney requested the court to continue the hearing because he thought "at this stage of the proceedings the [appellant] may have revoked his previous waiver of conflict of interest." The court persisted in its previous decision that the appellant had already waived any conflict of interest and its observation that "[w]e can't change the horses once we get half way."

The trial court recognized the potential conflict of interest in the appellant's post-conviction attorney's attempting to show the ineffectiveness of one of his colleagues in the district defender's office, and it attempted to ascertain whether the appellant had made an intelligent waiver of any conflict. The problem is that this attempt seems aimed more at convincing the appellant that his post-conviction counsel was a different person from his prior counsel than in ascertaining whether he appreciated the potential for conflict and elected to waive it. The court did not even deem it appropriate to ask post-conviction counsel if he felt any conflict. Nevertheless, the appellant does not deny that he was fully aware of the potential conflict and chose to waive it. Instead he merely denies that the record establishes that such was the case.

The courts which have considered situations like that here have consistently noted the obvious potential for conflict which an attorney faces in vigorously representing a client who alleges that a former attorney has been ineffective when the former attorney is one who practices law on a day-to-day basis in the same office with the present attorney. *See* Annot., 18 A.L.R. 4th 360, § 7 (1982); *Hill v. State,* 263 Ark. 478, 566 S.W.2d 127 (1978). One court has stated that in these situations "the law will not assume that counsel will zealously develop a record of his own or his associates' inadequacies." *Commonwealth v. Massie,* 294 Pa.Super. 115, 439 A.2d 777, 778 (1982). Even so, the record before us indicates that regardless of what representation the appellant might have had at his post-conviction hearing the outcome would have been as it was. At the same time, the appellant

has failed to show realistically how his counsel's conflict of interest, actual or potential, has affected the adequacy of the representation given him in the attack on his guilty plea. *See Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Dukes v. Warden*, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972). Under all of the circumstances of this case, we do not believe reversal is required.

■ The situation here is somewhat analogous to that covered by RCr 8.30. Although there is no Criminal Rule directing a trial court what to do when conflict situations such as this arise, we believe the proper course for the trial court to take is to establish briefly in the record that the defendant is aware of the potential conflict and elects to waive it. This waiver should be established as soon after the appointment of counsel as possible for the obvious reason that unnecessary expense and delay can thus be avoided. In the absence of a waiver, a public defender from another office or a private attorney should be appointed. In this way, the rights of criminal defendants will be scrupulously protected while judicial economy also will be well served by obviating a later claim of conflict.

The order of the trial court is affirmed.

All concur.