16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donnie R. PREWITT, Petitioner-Appellee/Cross-Appellant,
v.
Al C. PARKE, Respondent-Appellant/Cross-Appellee.
 Nos. 93-5461, 93-5503.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1994.
 
 Before: BOGGS and NORRIS, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal requires us to determine whether petitioner, Donnie R. Prewitt, received effective assistance of counsel with respect to his conviction as a first-degree persistent felony offender. The district court concluded that petitioner's Sixth Amendment right to conflict-free representation had been compromised because his attorney had represented him in the earlier criminal proceedings that led to the persistent felony offender charge. Consequently, the court partially granted petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. The government appeals the grant of this writ. Prewitt cross-appeals the district court's denial of the writ as to his other stated grounds for relief. For the reasons outlined below, we conclude that the writ should not have issued and therefore reverse that portion of the district court's order and affirm the denial on the other claims.
 
 I.
 
 2
 In 1986, a Kentucky jury convicted Prewitt of possession of a counterfeit substance (Quaaludes) and of being a first-degree persistent felony offender.[1] Earlier in the decade, petitioner had been convicted of possessing an illegal firearm and first-degree sexual abuse.
 
 
 3
 In partially granting the habeas petition, the district court reasoned that to represent Prewitt properly on the persistent felony offender charge, his attorney "would have had to argue an ineffective assistance of counsel claim against himself." Under such circumstances, an attorney has an obligation to inform both the client and the court of the problem to ensure the "conflict free" representation to which a defendant is constitutionally entitled. Wood v. Georgia, 450 U.S. 261, 271 (1981) (noting Sixth Amendment includes right to representation free from conflicts of interest); Milsap v. Commonwealth, 662 S.W.2d 488 (Ky.App.1984) (discussing potential conflict attorney faces when trying to show ineffectiveness of fellow public defender).
 
 
 4
 During oral argument to this court, counsel for the Kentucky Attorney General, representing respondent, conceded that she had neglected to bring the case of Corbett v. Commonwealth, 717 S.W.2d 831 (Ky.1986), to the attention of the district court. This oversight is regrettable because Corbett resolves the issue now before us.[2]
 
 
 5
 In Corbett, defendant, who had been charged as a persistent felony offender, attempted to suppress his prior convictions because he had allegedly received ineffective assistance of counsel. The Supreme Court of Kentucky rejected this tactic, however, in the following terms:
 
 
 6
 A motion to suppress evidence of prior convictions does not furnish a forum to litigate the issue of ineffective assistance of counsel. The rules of this jurisdiction, such as RCr 11.42 and CR 60.02 provide adequately for collateral attacks on judgments.... Our rules provide that the collateral attack on a prior judgment shall be made in the court in which they were obtained.... Thus the court was not even required to consider [defendant's] allegations of ineffective assistance of counsel....
 
 
 7
 Id. at 835. As Corbett directs, petitioner in this case, represented by counsel other than his counsel on the present charges, had raised his ineffective assistance of counsel claims in unsuccessful Rule 11.42/60.02 proceedings.
 
 
 8
 We therefore conclude that petitioner's trial attorney here did not labor under an impermissible conflict of interest due to his previous work on behalf of petitioner because Corbett precluded him from raising the claim of ineffective assistance with respect to his prior representation.
 
 II.
 
 9
 We turn next to the issues raised by petitioner in his cross-appeal. On review, we find each of these issues to be without merit and accordingly affirm the order of the district court with respect to them.
 
 A. Warrantless Search
 
 10
 Prewitt first contends that the police violated his Fourth Amendment rights by conducting a warrantless search of his automobile. The search uncovered the counterfeit Quaaludes that led to the charges against him. This contention was considered and rejected by Kentucky state courts on direct appeal.
 
 
 11
 Because petitioner had a full and fair opportunity to litigate the legality of the search in state court, his claim is not cognizable in the context of a subsequent habeas corpus proceeding. Stone v. Powell, 428 U.S. 465 (1976).
 
 B. Confidential Informant
 
 12
 Petitioner next argues that he should have been given the name of a confidential informant so that he could develop an entrapment defense. Where the identity of an informant is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro v. United States, 353 U.S. 53, 60-61 (1957).
 
 
 13
 However, in Roviaro the informant actually participated in the illegal activity. The Supreme Court of Kentucky has found participation significant when analyzing this issue:
 
 
 14
 Generally we find that where the informer participated in the criminal transaction, both Federal and state decisions require disclosure on the theory of fundamental fairness.
 
 
 15
 On the other hand, we find that generally where the informer gives the police a "tip" or a "lead" which provides information enabling police to identify and charge a defendant, and the informant's information is not used at trial, disclosure is not required....
 
 
 16
 The thread that runs through all these decisions is that there must be some showing that disclosure will be relevant and helpful to the defense.
 
 
 17
 Schooley v. Commonwealth, 627 S.W.2d 576, 578 (Ky.1982) (citations omitted); see also United States v. Whitley, 734 F.2d 1129, 1137-39 (6th Cir.1984) (concluding mere tipster need not be revealed).
 
 
 18
 According to Prewitt, had he known who the informant was, he "could have either called the informant to the stand or could have developed further leads in which to gain information why this informant believed he possessed drugs." However, the assertion that one might call a witness fails to provide a sufficient showing of relevance. See Dole v. Local 1942, Int'l Bhd. of Elec. Workers, 870 F.2d 368, 373 (7th Cir.1989) (fishing expedition based on speculative relevance not sufficient to warrant disclosure).
 
 
 19
 To argue entrapment, a defendant must show inducement and lack of predisposition. Prewitt does not disclose how the identity of the informant would aid him in that regard. As the district court noted in rejecting the entrapment argument, "nowhere in this proceeding or the state court proceedings does defendant assert that he did not know the Quaaludes were a prohibited controlled substance, nor does he assert that he lacked the requisite intent to violate the law."
 
 
 20
 Accordingly, the identity of the confidential informant need not have been revealed.
 
 C. Juror Bias
 
 21
 Petitioner also contends that he was the victim of juror bias. After the trial had concluded, his fiancee allegedly overheard a member of the jury say that Prewitt "should be put in isolation with a padlock on it."
 
 
 22
 However, the verdict had already been returned and the jury dismissed at the time of the reported comment. To prevail on this claim, petitioner must show that the alleged misconduct prejudiced him. United States v. Bowling, 900 F.2d 926, 935 (6th Cir.), cert. denied, 498 U.S. 837 (1990). Given the timing of the comment, we are unable to say that the trial court abused its discretion in concluding that petitioner suffered no prejudice.
 
 D. Ineffective Assistance
 
 23
 Finally, petitioner asserts that he received ineffective assistance at trial because his counsel failed to object to allegedly inadmissible evidence and to the alleged advocacy of the trial judge. These contentions were carefully examined, and rejected, by the district court. We likewise conclude that petitioner has failed to meet the burdens imposed by Strickland v. Washington, 466 U.S. 668 (1984) (holding ineffective assistance requires both errors so serious that counsel failed to function as such for Sixth Amendment purposes and prejudice as a result of these errors).
 
 III.
 
 24
 We therefore reverse the district court's partial grant of a writ of habeas corpus and affirm that portion of the district court's order denying relief.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 "A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies." Ky.Rev.Stat.Ann. Sec. 532.080(3) (Baldwin 1984)
 
 
 [2]
 We also note that appellate counsel for petitioner failed to address Corbett after it was brought to his attention. To the extent that counsel knowingly avoids citing (and presumably attempting to distinguish contrary precedent, he does not fulfill his obligation as an officer of the court