383 A.2d 199

**COMMONWEALTH of Pennsylvania**

v.

**Jack Donald FOX, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 10, 1977.

Decided Jan. 26, 1978.

476

Joseph W. Mullin, Public Defender, for appellant.

Stewart L. Kurtz, Huntingdon, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In this appeal from the order of the Post Conviction Hearing Court[1] dismissing appellant's post-conviction petition, appellant claims: (1) he was denied the right to a speedy trial; (2) the trial court improperly allowed admission of testimony of a witness given at a previous hearing; (3) the Commonwealth unconstitutionally used perjured testimony; (4) he was illegally arrested; (5) he was not given a copy of the criminal complaint at his preliminary arraignment; (6) he was not afforded a preliminary hearing until eleven days after preliminary arraignment; and (7) trial counsel was ineffective in that appellant "was not consulted with, nor informed as to what was going on, during the course of the trial and trial counsel did not comply with appellant's requests in regard to the production of certain evidence."[2]

Appellant did not raise any of these claims on direct appeal, *Commonwealth v. Fox*, 445 Pa. 76, 282 A.2d 341 (1971), though the first six claims were clearly cognizable on

1. We hear this appeal pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965), 1580, § 11, 19 P.S. § 1180–11 (Supp.1977), and the Appellate Court Jurisdiction Act, Act of July 31, 1970, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

2. Appellant also alleges he is entitled to post-conviction relief because he was prejudiced (a) when the trial judge "told the DA to be on guard"; and (b) by the delay in holding an evidentiary hearing on the instant petition. We do not agree. The first issue was before this Court on petitioner's direct appeal where we held the entire testimonial episode, in which the statement here complained of appeared, "did not rise to that level of error so prejudicial as to necessitate a new trial." *Commonwealth v. Fox*, 445 Pa. 76, 82–83, 282 A.2d 341, 344–45 (1971). The issue has therefore been "finally litigated" and cannot again be raised on collateral attack. Post Conviction Hearing Act, supra, § 4, 19 P.S. § 1180–4(a)(3). The second issue also does not entitle appellant to post-conviction relief. The delay appellant complains of was unavoidable and appellant has not established any prejudice requiring a new trial.

direct appeal. Appellant's failure to raise them constitutes a waiver under section 4 of the Post Conviction Hearing Act absent a showing of "extraordinary circumstances" justifying the failure. Act of January 25, 1966, supra, § 4, 19 P.S. § 1180–4(b). Appellant has not alleged the existence of any such extraordinary circumstances and the first six claims are therefore waived. *Commonwealth v. Tunnell*, 463 Pa. 462, 464, 345 A.2d 611, 612 (1975); *Commonwealth v. Via*, 455 Pa. 373, 376, 316 A.2d 895, 897 (1974).

■ Appellant's claim that trial counsel was ineffective, however, is not waived. The failure to raise on direct appeal a claim of ineffectiveness of trial counsel does not constitute a waiver where an appellant is represented on appeal by his trial counsel. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); cf. *Commonwealth v. Via*, supra (failure to raise claim of ineffectiveness in prior counseled PCHA petition does not constitute waiver where counsel for first PCHA proceeding was a member of the same office as trial counsel). Here, appellant was represented at trial and on direct appeal by his present PCHA counsel, a member of the Huntingdon Public Defender's Office, and by the late Edward L. Willard, a Centre County Public Defender. Accordingly, appellant's claim of trial counsel's ineffectiveness is not waived for failure to raise it on direct appeal.

■ Even though the claim of ineffectiveness is therefore a proper issue on collateral attack, we cannot here proceed to determine whether the PCHA court properly denied relief on this claim. This Court has previously held that it is unrealistic to expect trial counsel to argue his own ineffectiveness, *Commonwealth v. Dancer*, supra, 460 Pa. at 100, 331 A.2d at 438. We have also held that a PCHA petitioner, represented by court-appointed counsel and alleging ineffective assistance of trial counsel, may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated. *Commomwealth v. Sherard*, 477 Pa. ——, 384 A.2d 234 (1977); *Commonwealth v. Wright*,

473 Pa. 398, 374 A.2d 1273 (1977); *Commonwealth v. Via,* supra. In neither case can it be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled. This same consideration is applicable where, as here, PCHA counsel is alleging the ineffectiveness of his co-counsel at trial. We cannot assume that appellant's PCHA counsel adequately advised appellant of his own inadequacies as trial counsel[3] or those of his co-counsel, Edward Willard. See *Commonwealth v. Via,* supra at 377, 316 A.2d at 898.

■ While this Court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record before us, we will not reject such a claim without a remand for appointment of new counsel. We therefore remand the case and direct that new counsel, not a member of the Huntingdon or Centre County Public Defender's Office, be appointed to represent appellant on his PCHA petition on the issue of the ineffectiveness of trial counsel and any other issue not waived or finally litigated.[4] *Commonwealth v. Sherard,* supra; *Commonwealth v. Wright,* supra; *Commonwealth v. Via,* supra.

---

3. Indeed, it appears that only co-counsel Willard's trial stewardship is alleged to be ineffective. Both the PCHA court and the parties deal with co-counsel Willard's representation as distinct from the trial representation of PCHA counsel.

4. Although the issue of appointment of new counsel was not raised by appellant, the matter was brought to our attention by appellee's brief, and we may raise the issue sua sponte. *Commonwealth v. Wright,* 473 Pa. 398, 374 A.2d 1273 (1977). Future compliance with the holdings of *Sherard, Wright, Via* and the instant case should eliminate the necessity for this Court to raise the issue sua sponte. Repeated remands for appointment of new PCHA counsel impede the functioning of the post-conviction relief system.