391 A.2d 1018

**COMMONWEALTH of Pennsylvania**

v.

**John A. BUNDY, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 6, 1978.

Decided Oct. 5, 1978.

544

Nicholas Radoycis, Jr., McKees Rocks, Court-appointed, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

Appellant was convicted of murder of the first degree and sentenced to life imprisonment. On direct appeal to this Court, the judgment of sentence was affirmed. *Commonwealth v. Bundy,* 458 Pa. 240, 328 A.2d 517 (1974). Appellant was represented by a member of the Public Defender's Office of Allegheny County, Pennsylvania during both of those proceedings. A post-conviction petition was filed by appellant and a hearing was held. During this proceeding

appellant was represented by another member of the Public Defender's Office of Allegheny County. Among other allegations, appellant claimed in his post-conviction petition that he had been denied effective assistance of counsel at trial. Post-conviction relief was denied and an appeal *nunc pro tunc* was filed and granted by this Court. Thereafter post-conviction counsel was permitted to withdraw and an attorney independent of the Public Defender's Office was appointed to represent appellant in this appeal.[1]

Appellant now alleges that he was improperly represented by the public defender at his post-conviction hearing because of that counsel's failure to advise appellant of the apparent conflict of interest and possibility of prejudice present when an associate of an office argues the issue of ineffective assistance of trial counsel who was a member of the same office. Specifically appellant is contending that he was entitled to the aid and advice of independent counsel in pursuing the allegation of ineffective assistance during the post-conviction proceeding below. We agree.

We recently stated in *Commonwealth v. Fox,* 476 Pa. 475, 477, 383 A.2d 199, 200 (1978):

"We have also held that a PCHA petitioner, represented by court-appointed counsel and alleging ineffective assistance of trial counsel, may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated. *Commonwealth v. Sherard,* 477 Pa. 430, 384 A.2d 234 (1977); *Commonwealth v. Wright,* 473 Pa. 398, 374 A.2d 1273 (1977); *Commonwealth v. Via, supra.*"

In *Fox* we also stated that despite the conflict of interest, we would entertain the claim of ineffective counsel if reversible error is apparent on the record. However, we stressed that we would not reject such a claim without a remand for appointment of new counsel. *Id.* at 479, 383 A.2d at 201.

1. Our jurisdiction in this case is based on the Post Conviction Act, Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1978–1979) and the Appellate Court Jurisdiction Act, Act of July 31, 1970, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1978–1979).

In *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895, 898 (1974), we reasoned:

"We will not view the failure to raise a claim of incompetency as a waiver where an individual in the subsequent proceeding is represented by the same counsel or one of his associates. The law will not assume that counsel has advised his clients of his inadequacies or those of his associates."

This reasoning would also force the conclusion that where counsel raises his own or his associates' inadequacy, we should not accept that appraisal as an objective view of counsel's stewardship. Even though associate counsel may make a good faith effort to critically review the record of the earlier proceeding, we cannot accept such an assessment as an objective and detached evaluation of earlier counsel's stewardship. Fundamental fairness requires no less.

The Commonwealth urges that we not remand for another post-conviction hearing since appellant has new independent counsel on this appeal.[2] Since an ineffective assistance of counsel challenge requires an examination of the basis for former counsel's course of action, *Commonwealth v. White,* 476 Pa. 350, 382 A.2d 1205 (1978); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 559, 235 A.2d 349 (1967), an independent evidentiary hearing is frequently required to show that there was no reasonable basis for counsel's actions or failure to act in attempting to effectuate his client's best interest. Obviously, such an augmentation of the record cannot be accomplished before this Court. Thus, to accept the Commonwealth's position and refuse the requested remand would restrict appellant to

2. Appellant asserts he was denied effective assistance of counsel at trial by that counsel's failure to protect appellant's right to arraignment without unnecessary delay, failure to interview appellant for a five month period until three days before trial and allowing possible witnesses to be lost by that delay, failure to amend appellant's self-prepared pre-trial motions, and failure to pursue on direct appeal the court's denial of appellant's request that the jury be allowed to view the scene which allegedly would have aided appellant in his contention of mistaken identity of appellant by a prosecution witness.

a record created by an associate of the counsel whose competency is at issue. Such a result is obviously at variance with the reasoning announced in our cases. *Commonwealth v. Fox, supra; Commonwealth v. Via, supra.*

The matter is remanded to the Post Conviction Hearing Court for an evidentiary hearing on the issue of trial counsel's effectiveness.