421 A.2d 425

COMMONWEALTH of Pennsylvania

v.

Richard M. McCARTY, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed July 25, 1980.

Thomas A. Livingston, Pittsburgh, for appellant.

Frederick L. John, II, Assistant District Attorney, Kittanning, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from judgment of sentence for criminal attempt[1] and aggravated assault.[2] Appellant argues that the Commonwealth's evidence was insufficient because it failed to prove that the criminal acts occurred in Armstrong County; that when his trial counsel failed in his closing argument to anticipate certain points made by the Common-

---

1. 18 Pa.C.S.A. § 901 (Purdon's 1973).

2. 18 Pa.C.S.A. § 2702 (Purdon's 1973).

wealth in its closing argument, the lower court abused its discretion in refusing to give counsel an opportunity to rebut the Commonwealth's argument; and finally, that the lower court's instructions to the jury on the defense of justification were misleading.

Appellant is represented on this appeal by the same counsel who represented him at trial. At least some,[3] if not all, of appellant's arguments amount to the claim that at trial he was denied his right to the effective assistance of counsel. We shall therefore remand for the appointment of new counsel, unassociated with his present counsel,[4] to represent appellant. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383

**3.** After the Commonwealth's closing argument, appellant's counsel addressed the lower court and stated that he had been ineffective because in his closing argument he had not covered some of the points raised by the Commonwealth. He then requested the lower court to give him a chance to "remedy" his ineffectiveness by rebutting the Commonwealth before the case went to the jury. The lower court refused. In appellant's post–verdict motions he claimed that his counsel was ineffective and that the lower court had abused its discretion by not permitting him to rebut the Commonwealth. Appellant has thus seemingly combined the issues of trial error and ineffective counsel. However, we choose to deal with appellant's argument, we must consider his claim that his counsel was ineffective because it is clear that the lower court did not abuse its discretion when it denied counsel's request for an opportunity to rebut the Commonwealth's closing argument. Pa.R.Crim.P. 1116(b) states:

> When the evidence is concluded, each party shall be entitled to present one closing argument to the jury. Regardless of the number of defendants, and whether or not a defendant has presented a defense, the attorney for the Commonwealth shall be entitled to make one argument which shall be made last.

The rule was intended to make the order of closing arguments uniform throughout the Commonwealth; before its enactment the order of closing arguments was left to the discretion of the lower court. *Commonwealth v. Toney*, 439 Pa. 173, 178, n. 1, 266 A.2d 732, 735 n. 1 (1970). *See also United States v. Mazzei*, 390 F.Supp. 1098 (W.D.Pa.), *modified*, 521 F.2d 639, *cert. denied*, 423 U.S. 1014, 96 S.Ct. 446, 46 L.Ed.2d 385 (1975). Here, we could hardly fault the lower court for merely carrying out the dictates of Pa.R.Crim.P. 1116(b).

**4.** Appellant may, however, choose to retain counsel who represented him at trial, provided he is made aware of the dangers and possible disadvantages of proceeding with counsel whom he has claimed was

A.2d 935 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Boyer,* 277 Pa.Super. 82, 419 A.2d 671 (1980); *Commonwealth v. Jellots,* 277 Pa.Super. 358, 419 A.2d 1184 (1980).

In *Commonwealth v. Gardner, supra* 480 Pa. at 10, 389 A.2d at 59, the Supreme Court stated:

> When an appellant raising ineffectiveness of appointed trial counsel is represented on appeal by the same counsel, he is entitled to a remand for appointment of new counsel not associated with trial counsel unless ineffective assistance of counsel is clear on the face of the record. *Commonwealth v. Patrick [supra]; Commonwealth v. Fox, [supra]; Commonwealth v. Sherard,* 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright,* 473 Pa. 395, 374 A.2d 1272 (1977). "In such circumstances, it cannot 'be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled.'" *Commonwealth v. Patrick,* 477 Pa. at 287, 383 A.2d at 936, quoting *Commonwealth v. Fox,* 476 Pa. at 479, 383 A.2d at 200.

The Court also stated that "if appointed counsel on appeal is deemed unlikely to provide effective representation in advocating his own ineffectiveness at trial, retained counsel in the same circumstances should be regarded as equally unsatisfactory." 480 Pa. at 10, 389 A.2d at 59. Here, we cannot conclude on the face of the record that counsel was ineffective.[5]

The judgments of sentence are vacated and the case is remanded for proceedings consistent with this opinion. If

ineffective. Therefore, on remand, the court should inform appellant of the facts necessary to ensure that his decision is an intelligent one, voluntarily made. *Commonwealth v. Gardner, supra; Commonwealth v. Boyer, supra; Commonwealth v. Roach,* 268 Pa.Super. 340, 408 A.2d 495 (1979).

**5.** In his closing argument appellant's counsel chose to talk to the jurors about their role as jurors, rather than about the factual and legal issues involved in the case. The lower court considered this to be a deliberate and well–considered decision on the part of appellant's counsel. In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), the Supreme Court stated:

after such proceedings the lower court determines that appellant's trial counsel was ineffective, it shall order a new trial, but if it determines that counsel was not ineffective, it shall reinstate the judgments of sentence. If the lower court orders a new trial, the Commonwealth may appeal, and if it reinstates the judgments of sentence, appellant may appeal, in accordance with law.

HOFFMAN, J., concurs in the result.

[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.

Since we do not know why counsel chose to close as he did, we cannot decide whether his course of action was reasonable. It should be noted, however, that in some cases even where counsel waives his closing argument entirely he may not be ineffective. *See, e. g., Commonwealth v. Ramsey*, 259 Pa.Super. 240, 393 A.2d 806 (1978).