439 A.2d 777

**COMMONWEALTH of Pennsylvania**

v.

**Alfred MASSIE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 1981.

Filed Jan. 5, 1982.

John A. Halley, Pittsburgh, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying him an evidentiary hearing with independent counsel on his Post Conviction Hearing Act (PCHA) [1] petition alleging trial counsel's ineffectiveness. We agree and, accordingly, vacate the order of the lower court and remand for proceedings consistent with this opinion.

Appellant, represented by an attorney from the Allegheny County Public Defender's office, pled guilty on June 18, 1974 to multiple counts of armed robbery, theft, and related weapons offenses. He was sentenced to a maximum of fifteen years in prison, and took no direct appeal. Represented by another attorney from the same office, he filed a PCHA petition on February 12, 1975 alleging, *inter alia*, his trial counsel was ineffective in failing to prepare adequately before the plea hearing. After an evidentiary hearing the lower court denied the petition, and appellant did not appeal. On March 21, 1977, appellant, *pro se*, filed a second PCHA petition again alleging trial counsel's ineffectiveness and now specifically seeking appointment of counsel "not from the public defen[d]er['s] office." The lower court refused to appoint counsel and denied this petition without a hearing on the grounds that all issues had been litigated in the first PCHA proceeding. This appeal followed.[2]

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.*

2. On September 18, 1980, nearly three-and-one-half years after appellant's original request for appointment of counsel not from the public defender's office, the lower court appointed appellant's present appellate counsel.

118

Appellant contends that he is entitled to independent counsel on his PCHA petition alleging trial counsel's ineffectiveness. We agree. "[A] PCHA petitioner, represented by court-appointed counsel and alleging ineffective assistance of trial counsel, may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated." *Commonwealth v. Fox*, 476 Pa. 475, 477, 383 A.2d 199, 200 (1978). *See Commonwealth v. Lutz*, 483 Pa. 518, 523 n.4, 397 A.2d 787, 789 n.4 (1979); *Commonwealth v. Glasco*, 481 Pa. 490, 492–93, 393 A.2d 11, 12 (1978); *Commonwealth v. Bundy*, 480 Pa. 543, 545, 391 A.2d 1018, 1019 (1978); *Commonwealth v. Sherard*, 477 Pa. 429, 430, 384 A.2d 234, 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 398, 374 A.2d 1272, 1273 (1977); *Commonwealth v. Crowther*, 241 Pa.Superior Ct. 446, 448, 361 A.2d 861, 862 (1976). *See also Commonwealth v. Via*, 455 Pa. 373, 377, 316 A.2d 895, 898 (1974). Independent counsel is required for an ineffectiveness claim because the law will not assume that counsel will zealously develop a record of his own or his associates' inadequacies. *See, e.g., Commonwealth v. Glasco, supra*, 481 Pa. at 492–93, 393 A.2d at 12; *Commonwealth v. Fox, supra*, 476 Pa. at 479, 383 A.2d at 200. Thus, a petitioner alleging ineffectiveness of counsel will not be restricted to a record created by an associate of the allegedly ineffective counsel. *Commonwealth v. Lutz, supra*, 483 Pa. at 523, 397 A.2d at 789; *Commonwealth v. Bundy, supra*, 480 Pa. at 546–47, 391 A.2d at 1020. Though an appellate court on such a record may grant relief if ineffectiveness is apparent, it will not reject such a claim without remand for appointment of new counsel and a new evidentiary hearing. *Commonwealth v. Lutz, supra; Commonwealth v. Glasco, supra; Commonwealth v. Fox, supra.* Independent counsel on appeal is not an adequate substitute for independent counsel at an evidentiary hearing because an ineffectiveness challenge requires an examination of the bases for the challenged counsel's course of action. *Commonwealth v. Bundy, supra*, 480 Pa. at 546, 391 A.2d at 1020. *See Commonwealth v. White*, 476 Pa. 350, 382 A.2d 1205 (1978); *Commonwealth ex rel. Washington v. Maroney*, 427

Pa. 599, 235 A.2d 349 (1967). Accordingly, appellant is entitled to a new evidentiary hearing on his claim that trial counsel was ineffective.[3]

The lower court's order is vacated and the matter is remanded for proceedings consistent with this opinion.

3. Contrary to the Commonwealth's assertion, appellant is *not* bound by the record created at his first PCHA hearing by an associate of the allegedly ineffective counsel. Our Supreme Court has retroactively applied the right to independent counsel as defined in *Commonwealth v. Crowther, supra. See Commonwealth v. Wright, supra.* Further, *Crowther* already had been decided by the time of the order denying appellant's *pro se* PCHA petition, from which order this appeal is taken.