448 A.2d 1136

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Christina LOBEL.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed July 30, 1982.

468

Gaele Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Robert E. Gabriel, Philadelphia, submitted a brief on behalf of appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PER CURIAM.

The Commonwealth has appealed from the order of an en banc panel of the Court of Common Pleas of Philadelphia County granting appellee, Christina Lobel, a new trial based upon a claim of ineffectiveness of counsel. Following a nonjury trial, appellee was convicted of two counts of theft by deception[1] and two counts of criminal conspiracy[2] for her participation in a charitable fraud scheme with her codefendant, Peter Candelori.

During the first phase of their joint trial, the Commonwealth established that Candelori and Lobel were the principal actors in a fraudulent fund raising scheme.

Peter Candelori, as a "Bishop" of the Holy Orthodox Christian Church, controlled a guild of street solicitors

1. 18 Pa.C.S.A. § 3922.

2. 18 Pa.C.S.A. § 903.

known as the Salvation Mission Army Workers (R. 145a, 148a, 149a). When working directly for Mr. Candelori, the "volunteers"—who were frequently handicapped (see R. 54a)—were provided by Candelori with "identification certificates" and were permitted to retain 60% of their collections (R. 59a–60a; 73a–74a). The remaining funds which were collected were turned over to Candelori. However, the "church" for which the workers were ostensibly collecting (R. 58a), conducted no charitable activities; its various addresses included private homes, an answering service and a torn-down building (R. 175a, 172a–175a, 152a–154a).

The collection methods used by, and arrangements with, those volunteers who worked with defendant Lobel were somewhat different. These, also frequently handicapped, "volunteers" were taken by her to shopping centers where they collected money using cans labelled "Salvation Mission Workers" and "help the handicapped" (R. 54a, 66a, 110a, 113a, 219a). The solicitors were instructed by Lobel to say, if asked, that they were working for the Salvation Army (R. 67a, 114a, 219a), and were provided with certificates establishing that they were collecting for the Salvation Mission Army Workers, a tax-exempt organization (which it was not) (R. 103a–104a, 139a, 220a–222a). Half of the proceeds were kept by the volunteers; defendant [Lobel] retained the other half, but paid $3.00 per can per day to Candelori (R. 66a–67a, 71a–72a, 223a). Defendant herself also "collected" and stated, on occasion, when doing so, that she was collecting for the Salvation Army (R. 134a, 212a–215a).

Brief for Appellant at 5–6.

Following the introduction of this testimony, the assistant district attorney advised the trial judge that the remaining evidence related only to Candelori. Appellee's attorney thus asked the court to excuse him and his client from that portion of the trial. The request was granted and the Commonwealth proceeded with its case against Candelori only. The testimony of two witnesses, Joseph Rankin and Diane McCarthy, was then introduced.

Mr. Rankin detailed his solicitation of funds *for Candelori* and the Salvation Mission Army Workers; he also testified to that organization's non-existent charitable and religious activities (R. 244a–254a). During his testimony, Mr. Rankin identified C–1 as the certificate *provided to him by Candelori* which "authorized" collections for the period from November 29, 1977, through December 8, 1977 (R. 250a). Previously, this certificate had been identified, *in the presence of defendant and her counsel,* by various "solicitors" as being *like* the licenses defendant Lobel provided to them (R. 116a–120a, 220a–222a). Finally, this witness told of *Candelori's efforts* to influence his prior grand jury testimony and to prevent his appearance as a witness at the trial in progress (R. 255a–257a). *Mr. Rankin made no references whatsoever to defendant Lobel.*

[T]he testimony which the second witness, Diane McCarthy, had given at a prior proceeding was also admitted by stipulation. Ms. McCarthy detailed her solicitation activities for, and her arrangements with, *Candelori;* she also identified a document such *as Candelori had provided her* with weekly for the sum of $10.00 (R. 275a, 273–283a). This certificate, which was marked C–12, ostensibly authorized Ms. McCarthy to collect for the Salvation Army Mission Workers of the Holy Orthodox Christian Church from May 4, 1978 to May 11, 1978 (R. 283a–285a). *Ms. McCarthy also stated* during her testimony *that she did not even know defendant Lobel* (R. 281a).

Brief for Appellant at 6–7 (emphasis added).

After the introduction of this evidence, the Commonwealth rested its case *against Candelori.* Candelori moved for a directed verdict of not guilty and arguments were heard on the charges *against him.* Candelori was thereafter convicted of theft by deception and criminal conspiracy. After the verdict was rendered in the Candelori case, appellee and her attorney returned to the court room. Additional evidence was then introduced against appellee and, after argument, she was convicted of the charges against her.

Appellee thereafter filed motions for new trial and in arrest of judgment. In her motion for new trial, appellee alleged, *inter alia*, that she neither intelligently nor voluntarily waived her right to be present during every stage of the proceeding against her and, further, that, by virtue of her absence during a portion of her trial, she was denied her constitutional right to confront the witnesses against her. (Record at 449a). However styled, the court en banc perceived these allegations as a claim of ineffective assistance of trial counsel. Notwithstanding the fact that trial counsel was thus arguing his own ineffectiveness, the court en banc nonetheless entertained said argument and concluded that:

Trial counsel's voluntary absence from the courtroom during a portion of the proceedings deprived [appellee] of her state and federally protected constitutional rights to effective assistance of counsel, to be present at trial, to confront and cross-examine witnesses against her.

Slip op. at 11. The court thus granted appellee a new trial, and the Commonwealth has appealed.

The Commonwealth argues that appellee's contention, that trial counsel was ineffective, is not arguably meritorious and, even assuming said argument has merit, trial counsel should have been disqualified from arguing his own ineffectiveness in post-verdict motions. We agree.

In *Commonwealth v. Fox*, 476 Pa. 475, 478, 383 A.2d 199, 201 (1978), our supreme court authorized a court to entertain an ineffectiveness claim advanced by the subject of that claim *only* when said ineffectiveness is apparent on the record. When such a claim is not apparent on the record, new counsel must be appointed before the claim is considered. The record *sub judice* establishes, however, that: (1) the assistant district attorney advised the court that the testimony of its two remaining witnesses pertained only to appellee's codefendant, Candelori; (2) appellee's attorney thus asked that he and appellee be excused during this portion of the case; (3) the court granted said request; and (4) absolutely no evidence was admitted against appellee during her absence. We thus find no basis for the court en

banc's conclusion that trial counsel's ineffectiveness was apparent on the record or that counsel's decision was "incomprehensible and arbitrary." Because *Fox* prohibits us from rejecting an ineffectiveness claim without first appointing new counsel, however, we must remand so that an attorney not associated with trial counsel may be appointed to pursue the ineffectiveness claim as well as any other claims preserved but not considered by the court en banc. *See Commonwealth v. Fox, supra; Commonwealth v. Roach*, 268 Pa.Superior Ct. 340, 408 A.2d 495 (1979).

Accordingly, we reverse the order granting appellee a new trial and remand for proceedings consistent with this opinion. Jurisdiction is not retained.