J-S17011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD R. RUTH, | |
| Appellant | No. 409 EDA 2017 |

Appeal from the PCRA Order Entered January 23, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008015-2011

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 29, 2018**

Appellant, Richard R. Ruth, appeals from the post-conviction court's January 23, 2017 order denying his first petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court briefly summarized the facts and procedural history of Appellant's case, which we need not reproduce herein. *See* PCRA Court Opinion (PCO), 3/29/17, at 1-2. On appeal, Appellant presents the following four claims of ineffective assistance of his trial counsel:

> Did the [PCRA] [c]ourt err in denying Appellant's [p]etition for [p]ost-[c]onviction [r]elief where it:
>
> a) Found that [t]rial [c]ounsel was not ineffective for failing to call any [c]haracter [w]itnesses to testify [to] Appellant's reputation for truthfulness and honesty and/or his reputation as a peaceful and law abiding person?

b) Found that [t]rial [c]ounsel was not ineffective for calling a [d]efense [w]itness who had previously suffered a conviction for a crimen falsi offense; along with a conviction for the offense of [p]ossession [w]ith the [i]ntent to [d]eliver a [c]ontrolled [s]ubstance, a crime substantially similar to that for which Appellant was being tried?

c) Found that [t]rial [c]ounsel was not ineffective for calling a [d]efense [e]xpert [w]itness, who was wholly unfamiliar with the facts and circumstances of Appellant's case, to refute the Commonwealth's [e]xpert [w]itness?

d) Found that [t]rial [c]ounsel was not ineffective for representing Appellant at [t]rial at a time that he was abusing controlled substances?

Appellant's Brief at 5.

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland**[ **v. Washington**, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the **Strickland**

performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce*, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra*. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita*, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" *Ali*, 608 Pa. at 86–87, 10 A.3d at 291 (quoting *Commonwealth v. Collins*, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Before examining Appellant's claims, we must address a specific aspect of his case that is unique. As the PCRA court points out, Appellant "raises ineffectiveness claims against [Gregory] Noonan only, despite the active presence of [John L.] Walfish[, Esq.,] as co-counsel." PCO at 4.[1] The court

---

[1] The PCRA court assumes that Appellant "wants the focus of his efforts to win post-conviction relief to be on Noonan, in light of the latter's own post-trial legal woes," PCO at 5 n.3, which include Noonan's being "charged in

- 3 -

stresses that, "[t]he records from trial and the PCRA hearing make clear … that [Attorney] Walfish participated extensively, along with Noonan, in preparing the defense and representing [Appellant]." *Id.* at 5. Thus, the PCRA court concludes that Appellant "should not be permitted to win post-conviction relief by claiming only one, but not both, of his two attorneys rendered ineffective assistance when the record demonstrates Noonan and [Attorney] Walfish both were actively involved in his defense." *Id.* (footnotes omitted). Nevertheless, the court goes on to evaluate Appellant's ineffectiveness claims as essentially subsuming the conduct of both Noonan and Attorney Walfish.

We agree with the court that Appellant should have framed his claims as pertaining to both Noonan and Attorney Walfish; however, we disagree that his failure to do so necessarily defeats his claims. While we are unaware of any case directly addressing this issue, our Supreme Court has indicated that co-counsel, and even mere associates in the same law practice, are not required to raise each other's ineffectiveness, thus suggesting that co-counsel are effectively treated as one attorney for ineffectiveness purposes. *See Commonwealth v. Moore*, 805 A.2d 1212, 1215 (Pa. 2002) (citing *Commonwealth v. Fox*, 383 A.2d 199, 200 (Pa. 1978)). Thus, although

---

Montgomery County with possession of a controlled substance with the intent to deliver and related offenses," *id.* at 2. Noonan was later disbarred. *See* Laura McCrystal, *Drug-dealing lawyer gets 5-15 years*, PHILLY.COM, http://www.philly.com/philly/news/20150409_Drug-dealing_lawyer_gets_5-15_years_in_prison.html (last visited May 11, 2018).

Appellant's ineffectiveness claims are directed only at Noonan, we will treat them as encompassing the conduct of Attorney Walfish, as well.

In assessing the merits of Appellant's ineffectiveness claims in this fashion, we have examined the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted opinion of the Honorable Gary S. Silow of the Court of Common Pleas of Montgomery County. We conclude that Judge Silow's extensive, well-reasoned opinion accurately disposes of the issues presented by Appellant, and we discern no error in Judge Silow's decision to reject Appellant's ineffectiveness claims.[2] **See** PCO at 4-14. Accordingly, we adopt Judge Silow's opinion as our own and affirm the order denying Appellant's PCRA petition on the grounds set forth therein.

Order affirmed.

---

[2] This is especially true where Appellant fails to present any meaningful discussion of the prejudice he suffered from counsel's alleged ineffectiveness. For instance, in Appellant's first issue, his entire prejudice argument consists of the following:

> Finally, it is clear that Appellant suffered prejudice, as a result of Attorney Noonan's error, in failing to call any [c]haracter [w]itnesses on Appellant's behalf[,] as there was at least a reasonable probability of a different outcome at trial, had the jury been instructed on the weight and effect to be given character evidence, pursuant to Pa. SSJI (Crim)3.06.

Appellant's Brief at 20. Appellant reiterates, boilerplate prejudice arguments for each of his other three issues. **See id.** at 24, 28, 32.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18