J-S28023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID JOHN RIVERA | : | |
| | : | |
| Appellant | : | No. 1244 MDA 2017 |

Appeal from the PCRA Order, July 21, 2017,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s): CP-54-CR-0002141-2014.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED JULY 24, 2018**

David John Rivera appeals *pro se* from the order denying his first petition

for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§

9541-9546.  We affirm.

In disposing of Rivera's direct appeal, this Court summarized the

pertinent facts and procedural history as follows:

> [Rivera] was arrested in connection with the sexual
> assault of two young children (L.B. and N.B.) at locations
> where the children, their mother, and her then paramour
> ([Rivera]) lived in Schuylkill County.  Represented by
> counsel, [Rivera] proceeded to a jury trial on April 6, 2015.
> The evidence presented at trial demonstrated that [Rivera]
> assaulted the two children in various manners and on
> several different occasions at their residences in Mahanoy
> City, Minersville, and Pottsville.
>
> At the conclusion of all testimony, the jury convicted
> [Rivera] of [rape of a child, two counts of IDSI, and related
> charges], and on July 20, 2015, he proceeded to a

sentencing hearing. [Rivera] was found to be a sexually violent predator, and he was sentenced to serve an aggregate term of twenty-two years to forty-four years in prison, to be followed by five years of probation.

*Commonwealth v. Rivera*, 151 A.3d 1149 (Pa. Super. 2016), unpublished memorandum at 1-2. Rivera filed a timely appeal, and we affirmed his judgment of sentence. *See id*. Our Supreme Court denied Rivera's petition for allowance of appeal on November 29, 2016. *Commonwealth v. Rivera*, 162 A.3d 1114 (Pa. 2016).

Rivera filed a *pro se* PCRA petition on April 12 2017, and the PCRA court appointed counsel. PCRA counsel filed an amended petition on May 19, 2017, in which Rivera raised multiple claims of ineffective assistance of trial counsel. The PCRA court held an evidentiary hearing at which Rivera, his witnesses, and trial counsel testified. By order entered July 21, 2017, the PCRA court dismissed Rivera's petition. Rivera filed this *pro se* appeal.[1] Both Rivera and the PCRA court have complied with Pa.R.A.P. 1925.

Rivera raises the following issues in his brief:

    I.   Did [trial counsel] render ineffective assistance of
         counsel when counsel failed to meet with [Rivera] and
         allow him to actively participate in his defense?

    II.  Did [trial counsel] render ineffective assistance of
         counsel when counsel failed to call [his aunt, E.R.P.],

---

[1] The PCRA court held a *Grazier* hearing, and, on September 18, 2017, and determined that Rivera voluntarily chose to proceed *pro se*. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

and [his mother, E.R.O,] as witnesses to testify on behalf of the defense?

III. Did [trial counsel] render ineffective assistance of counsel when counsel failed to have medical records entered into evidence to establish that examination of the [child victims] did not indicate injury?

IV. Did [trial counsel] render ineffective assistance of counsel when counsel failed to cross-examine the children's mother, [N.O.] regarding her past and present relationship with [Rivera] and whether or not [Rivera] was unfaithful and abusive?

V. Did the [PCRA] court err in dismissing [Rivera's] [PCRA] petition when the sentence imposed upon [Rivera] is unconstitutional, [and] therefore illegal due to the statute found at 42 Pa.C.S.A. § 9718 being rendered void ab initio by *Commonwealth v. Wolfe*, 140 A.3d 651 ([Pa.] 2016)?

VI. Did the [PCRA] court unreasonably apply the law to [Rivera's] case when the *Teague v. Lane*, 488 U.S. 288 (1989) non-retroactivity standard cannot be applied to statutes that were deemed void ab initio?

Rivera's Brief at 5 (excess capitalization and emphasis omitted).[2]

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a

_____

[2] Arguably, Rivera's ineffective assistance of counsel claims are waived because they were not raised in his Rule 1925(b) statement with the requisite specificity. *See generally Commonwealth v. Pukowsky*, 147 A.3d 1229 (Pa. Super. 2016). However, because the specific claims were litigated during the evidentiary hearing, and the PCRA court addressed them in its opinion accompanying its order denying post-conviction relief, we will consider their merits.

mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Rivera's first four issues raise claims of ineffective assistance of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts rise to the level of arguable merit is a legal determination.'" ***Id.*** (citing ***Commonwealth v. Saranchak***, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. *Commonwealth v. Collins*, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted). A petitioner asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized." *Commonwealth v. Clark*, 626 A.2d 154, 157 (Pa. 1993). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he [or she] may have taken." *Stewart*, 84 A.3d at 707. A PCRA petitioner is not entitled to post-conviction relief simply because a chosen strategy was unsuccessful. *Commonwealth v. Buksa*, 655 A.2d 576, 582 (Pa. Super. 1995).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Stewart*, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner as failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

The PCRA court summarized the testimony presented on Rivera's behalf at the evidentiary hearing as follows:

> At the hearing on June 15, 2017, [Rivera] complained about his trial counsel's alleged failure to meet with him prior to trial. At first, [Rivera] testified that he had not met with [trial counsel] at all prior to trial and that he had requested [trial counsel] to visit him in prison but [trial counsel] had not done so. Later, [Rivera] testified that [trial counsel] had met with him prior to trial and, on cross-examination, he stated that sometimes [trial counsel] met with him in prison with his investigator and at other times only [trial counsel's] investigator met with [him].
>
> [Rivera] complained that he wanted [trial counsel] to call [his sister, E.R.,] as a witness at trial to testify that he and [N.O.] had argued. He also wanted [trial counsel] to call his aunt, [E.R.P.], as a witness to testify at trial that [N.O.] had threatened that she would make allegations against [Rivera] and put him in jail. [Rivera] also claimed that he wanted [trial counsel] to call his brother as a witness at trial and to

call character witnesses whom [Rivera] did not identify. [Rivera] did not specify the nature of the allegations he claimed [N.O.] had threatened or the testimony to be offered by the unidentified character witnesses. [Rivera] claimed that he talked with [trial counsel] about the witnesses and gave him information about how to contact his aunt.

[Rivera] claimed that [trial counsel] erred in not seeking to have medical records entered into evidence to establish that examinations of the [child victims] did not indicate signs of injury. [Rivera] also contended that [trial counsel] failed to cross-examine [N.O.], about her relationship with [him], and ask her questions about whether [he] had cheated on her or put his hands on her. Further, [Rivera] claimed that [N.O] had maintained a relationship with him after the charges had been filed, that she had posted bail in another case for him and that he had been with her in Allentown. [Rivera's] testimony on those claims was not clear. After being arrested on the charges in this case, [Rivera] never posted bail. [Rivera] also complained that [trial counsel] had allowed the Commonwealth to ask leading questions of the [child victims] at trial.

[E.R.] testified that she lived with [Rivera], her brother, during the relevant period of the criminal episode and that she wanted to testify that he had never been alone with the [child victims]. She acknowledged, however, that she had not been present with [Rivera] and the [child victims] at all times at all locations. [She] also claimed that [Rivera] and [N.O.] often argued and that [N.O.] would threaten to call the police. Finally, [E.R.] testified that prior to trial she called [trial counsel] but he never returned her call.

[C.C.] testified that he is nineteen years old, is [Rivera's] brother and had lived with [Rivera] but could not remember when he had done so since he had been at Northwest Academy for two to three years and did not know the time period he had been there. [He] claimed that [N.O.] had argued with [Rivera] and told him she would have him thrown in jail.

[E.R.P.], an aunt of [Rivera], testified that she wanted to testify for [Rivera] at trial and had tried to call and see [trial counsel] but that he refused to speak with her, including at

trial. She claimed to have overheard [N.O.] argue with [Rivera] and tell him that she was going to put him in jail.

PCRA Court Opinion, 7/21/17, at 3-4.

The PCRA Court also summarized the testimony presented by the Commonwealth:

> [Trial counsel], who primarily handles criminal defense work and has been an attorney almost forty years, testified as a witness for the Commonwealth. At the time of the prosecution of this case, he was also representing [Rivera] in two other pending cases. [Trial counsel] spoke to the witnesses whose identities [Rivera] had provided to [trial counsel] to support his defense. [Trial counsel] never refused to speak to any witness. He recalled talking to various witnesses and that they wanted to offer testimony at trial similar to their testimony at the June 15, 2017 hearing in an attempt to have the jury conclude that [N.O.] was lying and had influenced the [child victims]. However, [trial counsel] testified that his trial strategy involved attacking the credibility of the [child victims], not that of [N.O.], and that the witnesses' proposed testimony was not pertinent to his strategy as he believed the relevant issue was what happened to the [child victims]. [Trial counsel] also believed that information from the potential defense witnesses offered by [Rivera] would have been inadmissible as hearsay. [The child victims] were the only witnesses to testify about the sexual contact engaged in by [Rivera] and they admitted at trial that they did not like [Rivera].
>
> [Trial counsel] did not present written documents at trial about physical examinations of the [child victims] since there had been no accusation of injuries having be inflicted or evident on the [child victims]. He also had received no information from [Rivera] to support presenting any witness able to offer competent character testimony at trial. Finally, [trial counsel] testified that he met with [Rivera] numerous times in advance of and to prepare for trial.

PCRA Court Opinion, 7/21/17, at 5.

Rivera first claims that that trial counsel was ineffective for failing to meet with him prior to trial "to discuss trial strategy, suppression options, defense options, or possible witness choices." Rivera's Brief at 9. According to Rivera, although the PCRA court referenced trial counsel's contradictory testimony, the court "fails to mention any visit to a correctional facility or intentions to work with [him] on his defense." ***Id.***

This claim does not entitle Rivera to post-conviction relief. It is well settled that the "mere shortness of time for a defendant to confer with his counsel before trial does not constitute ineffective assistance of counsel." ***Commonwealth v. Robinson***, 334 A.2d 687, 688 (Pa. Super. 1975); ***see also Commonwealth v. Bundy***, 421 A.2d 1050, 1051 (Pa. 1980) (citation omitted) (explaining that "[t]he time devoted to attorney-client consultations affords no basis for inferring the total extent of trial preparation"). The PCRA court credited the testimony of counsel over Rivera's testimony and other allegations with regard to pre-trial preparations made by Rivera at the evidentiary hearing:

> [Trial counsel's] testimony was credible on having met with and interviewed all potential witnesses identified by [Rivera], with his having turned none away. Likewise, it was established that [trial counsel] met with [Rivera] and was prepared for trial.

PCRA Court Opinion, 7/21/17, at 7.

We cannot disturb this determination. ***See Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility

determinations are solely within the province of the PCRA court). Thus, Rivera's first claim is meritless.

Rivera next claims that trial counsel was ineffective for failing to call his mother and his aunt as defense witnesses at trial. Our Supreme Court has summarized:

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the **Strickland** test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate **Strickland** prejudice, a petitioner must show how the uncalled [witness's] testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

**Commonwealth v. Sneed**, 45 A.3d 1096, 1108-09 (citations omitted).

The PCRA Court concluded that Rivera did not meet this burden:

> As far as the presentation of testimony at trial about arguments between [Rivera] and [N.O.] to the effect that they occurred often and [N.O.] had been overheard threatening to call the police, [Rivera] offered no basis to find that the testimony on the alleged threats would have been admissible [as non-hearsay]. As [Rivera] did not present [N.O.] as a witness at the [PCRA] hearing, it is not known what she would have said if confronted about those allegations. Moreover, [N.O.] testified at trial that she had had relationship problems with [Rivera], they had engaged

in a lot of arguments, the [child victims] disliked the arguments and they wanted [Rivera] "gone." Further, the [child victims] testified at trial about the volatile relationship between [N.O.] and [Rivera]. [Trial] counsel elicited testimony at trial from the female child that [Rivera] and [N.O.] had fought and the child was "mad" at [Rivera]. The male child testified at trial that he was angry with [Rivera] because [Rivera] always fought with [N.O.] and the child wanted [Rivera] out of the house. In light of the foregoing, [Rivera] failed to establish that the alleged error by his trial counsel in failing to offer testimony from third parties about arguments between [Rivera] and [N.O.] has legal merit, or, that [he] suffered prejudice by counsel's failure to call the witnesses to testify [to] what they allegedly overheard. Importantly, the only witnesses to testify about the sexual act perpetuated by [Rivera] were the [child victims] who, indeed, testified about their dislike of [Rivera] and that it was based, in part, on his arguments with [N.O.].

PCRA Court Opinion, 7/21/17, at 8-9. Our review of the record supports the PCRA court's conclusion that Rivera could not establish prejudice. Thus, his second claim of ineffectiveness fails. **Travaglia**, **supra**.

In his third issue, Rivera asserts that trial counsel was ineffective for failing to introduce the child victim's medical records into evidence to establish that these examinations did not indicate injury.[3] The PCRA court concluded that Rivera could not establish prejudice:

[Rivera] did not offer any reports regarding the [child victims'] physical examinations into evidence at the [PCRA]

_____

[3] Rivera also claims that trial counsel was ineffective for failing to call an expert witness to testify to the validity and content of these reports. As Rivera did not raise this distinct claim prior to this appeal, it is waived. **See generally**, Pa.R.A.P. 302. Nevertheless, this claim would fail for the same reasons as the PCRA court put forth regarding the medical records, that is, Rivera failed to assert the existence of any willing expert. **See Sneed**, **supra**.

- 11 -

hearing or attach reports with either his original or amended [petition]. Consequently, the Court is unable to examine the substance of the reports. Moreover, [Rivera] offered no grounds to find any such reports, had they been presented at trial, would have been admissible or relevant. Finally, the Commonwealth offered no evidence at trial of either child [victim] having suffered any injury or displaying any sign of penetration. [Trial] counsel successfully argued the lack of any evidence of penetration to the jury in closing argument and [Rivera] was found not guilty of the offenses which included the element of penile penetration. Consequently, [Rivera] did not establish that the claim about medical records has legal merit, that the alleged evidence would have been admissible or that [he] suffered any prejudice as a result of trial counsel's [in]action.

PCRA Court Opinion, 7/21/17, at 7-8. Our review of the record supports the PCRA court's conclusions. Thus, Rivera's third claim of ineffectiveness fails. *Loner*, *supra*.

In his fourth claim, Rivera asserts that trial counsel was ineffective for failing to cross-examine [N.O.] "regarding her past and present relationship with [him] and whether or not [he] was unfaithful and abusive." Rivera's Brief at 17. According to Rivera, had trial counsel "properly cross-examined" N.O. "the jury would have become aware that the allegations were false, as what competent individual would allow the person that sexually assaulted your children, to participate in a relationship, or be in a position to be near those children again." Rivera's Brief at 17.

The PCRA court found no merit to Rivera's claim:

Despite complaining that his trial counsel erred in failing to establish a hostile relationship existed between [him] and [N.O.], [Rivera] also complained that his counsel erred in not establishing [N.O] purportedly maintained a close,

cordial relationship with [him] after the sex abuse allegations arose. [Rivera] claims his counsel erred in not cross-examining [N.O.] about her continuing some sort of relationship with [him] after the abuse allegations arose. As [Rivera] did not present the testimony of [N.O.] at the [PCRA] hearing, it is not known what she would have said if confronted with the claim. Moreover, [Rivera's] testimony that [N.O.] had posted bail for him was unclear. The record established that [Rivera] never posted bail in this case and if [N.O.] had posted bail earlier in another case, the evidence did not establish how such activity related to the timing of the allegations in this case. Further, assuming [N.O.] maintained some sort of relationship with [Rivera] following the allegations or the filing of criminal charges, [Rivera] failed to present evidence to indicate how such contact would have been relevant to the evidence at trial or would have impacted the verdict. Any alleged feeling [N.O.] may have had for [Rivera] is irrelevant to the question of whether he sexually abused [the child victims]. She would not be the first woman to maintain contact with a boyfriend despite her children claiming, or even a jury finding, that he sexually assaulted them. Under the facts elicited at trial, the alleged ardor of [N.O.] for [Rivera] is irrelevant to the issue of whether he assaulted the [child victims]. Further, [Rivera] did not establish how testimony on this subject would have been admissible or relevant at trial for his alleged commission of the crimes. Consequently, [Rivera] failed to establish any prong of the test necessary to establish a claim of ineffectiveness of trial counsel on such basis.

PCRA Court Opinion, 7/21/17, at 9-10.

Our review of the record supports the PCRA court's conclusion that Rivera cannot establish any prong of the test for establishing trial counsel's ineffectiveness. *Johnson*, *supra*. Trial counsel did cross-examine N.O. at trial with regard to the problems she was having in her relationship with Rivera around the time the sex abuse allegations became known, and the fact that the child victims did not like the constant arguing between them. *See* N.T.,

4/6/15, at 71-72. Given this testimony, it is questionable whether trial counsel would have been able to establish that a cordial relationship existed after the allegations arose. At the PCRA hearing, Rivera's counsel did not specifically ask trial counsel why he did not bring forth such evidence via cross-examination of N.O. *See* N.T., 6/15/17, at 92-99. Thus, Rivera's final claim of ineffectiveness does not entitle him to post-conviction relief.

Because Rivera's final two issues raised on appeal challenge the legality of his sentence, we will address them together. ***See Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007) (explaining that a legality of sentencing claim must be raised in a timely PCRA petition; as long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived).

Rivera asserts that since his sentence included a mandatory minimum pursuant to 42 Pa.C.S.A. section 9718, his sentence is illegal because section 9718 was held to be unconstitutional by our Supreme Court in ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016). He further asserts that because section 9718 is void "ab initio" he is entitled to resentencing. ***See*** Rivera's Brief at 23-25. Finally, Rivera asserts that the "***Teague v. Lane***, 488 U.S. 288 (1989) non-retroactivity standard cannot be applied to statutes that were deemed void ab initio." Rivera's Brief at 26.

Our review of the certified record reveals that Rivera's judgment of sentence was not final when our Supreme Court issued its decision in ***Wolfe*** on June 20, 2016. Thus, we need not determine retroactivity, because Rivera

- 14 -

may seek post-conviction relief pursuant to the holding in **Wolfe** in this appeal. **See Commonwealth v. Ruiz**, 131 A.3d 54, 59 (Pa. Super. 2015)(explaining that Ruiz was entitled to resentencing in light of **Alleyne v. United States**, 133 S.Ct. 2151 (2013), since he raised the claim in a timely PCRA petition, and his judgment of sentence had not become final when **Alleyne** was decided).   Nevertheless, at sentencing, the trial court noted recent appellate decisions discussing the unconstitutionality of mandatory minimums in Pennsylvania, and concluded that she was not sentencing based upon any mandatory minimum, but rather based on the guidelines as to each conviction.   **See** N.T., 7/20/15, at 49-50, 61.   As such, Rivera's illegal sentencing claim fails.[4]

In sum, the PCRA court correctly determined that Rivera did not establish any of his claims of trial counsel's ineffectiveness.   In addition, Rivera's illegal sentencing claims are without merit.   We therefore affirm the PCRA court's order denying post-conviction relief.

_____

[4] We further note that, although Rivera was designated a sexually violent predator (SVP), his judgment of sentence became final on February 27, 2017, which predated a panel decision by this Court, on October 31, 2017, finding the SVP process unconstitutional.   **See generally**, **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017).   Even if Rivera was to file an untimely PCRA petition, he still could not prevail in establishing the PCRA's "new constitutional right time bar exception.   For this exception to apply, the right asserted must be a constitutional right that was recognized by the United States Supreme Court or the Supreme Court of Pennsylvania after the time period provided in this section **and** had been held by **that** court to apply retroactively."   42 Pa.C.S.A. § 9545(b)(1)(iii).   **Butler** satisfies neither requirement.

Order affirmed.

Judge Musmanno joins in the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/24/2018