J-S40026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CURTIS LEE | : | |
| | : | |
| Appellant | : | No. 297 EDA 2020 |

Appeal from the PCRA Order Entered December 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006869-2016

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 6, 2020**

Appellant, Curtis Lee, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On June 2, 2016, police arrested Appellant for his role as the "look-out" in a drug transaction.  The Commonwealth subsequently charged Appellant with possession with intent to deliver ("PWID"), conspiracy, and possession of a controlled substance.  On November 14, 2016, Appellant filed a *pro se* motion

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

to remove defense counsel, Attorney Daniel Conner, and to appoint new counsel. Appellant alleged he is diagnosed as a paranoid schizophrenic and suffers from severe psychosis. Appellant claimed he was reported as a missing person from his treatment facility in April 2016, after Appellant had wandered off and did not return. Appellant maintained that Attorney Conner failed to investigate Appellant's mental illness, subpoena his mental health records, or visit with Appellant to discuss a defense strategy, among other things.

On February 13, 2017, Appellant retained private counsel, Attorney Douglas Dolfman, who replaced Attorney Conner. Represented by Attorney Dolfman, Appellant proceeded to a bench trial on June 8, 2017. Prior to trial, Appellant executed a written colloquy confirming that his waiver of his right to a jury trial was knowing, intelligent, and voluntary. The court also conducted an oral colloquy to confirm Appellant's waiver was valid.

During the oral colloquy, the court asked Appellant if he had ever been treated in the past or diagnosed with any kind of mental health issues. Appellant responded: "I mean, just depression and some other stuff." (N.T. Bench Trial, 6/8/17, at 5). The court also asked Appellant if he was taking any medication for his mental health issues. Appellant responded: "Yeah, I used to take medication. Yes, Sir." (*Id*. at 5-6). The court asked Appellant if he was taking any medication today, to which Appellant answered "[n]o." (*Id.*) Following the colloquy, the court accepted Appellant's waiver as knowing, intelligent, and voluntary, and Appellant proceeded with the bench

- 2 -

trial. At the conclusion of trial, the court convicted Appellant of all charges. Defense counsel asked the court to defer sentencing pending a pre-sentence investigation ("PSI") report, and the court granted that request.

On July 11, 2017, a PSI took place. During the interview, Appellant reported his history of mental illness. Appellant had difficulty focusing and asked if the interviewer was in the Central Intelligence Agency ("CIA"), because Appellant claimed the CIA wanted to hurt him. The interviewer reported that "[Appellant's] behavior appeared genuine and not an effort to avoid complying with the presentence interview." (**See** Exhibit K attached to PCRA Petition, filed 3/25/19, at preface).

On August 9, 2017, Appellant filed a motion to remove Attorney Dolfman as counsel. Appellant alleged that counsel failed to inform the court about Appellant's mental illness before trial. Appellant claimed he was unable to follow the proceedings or participate in his defense due to his mental health issues.

The court ordered Appellant to undergo a mental health evaluation on September 8, 2017. Following the mental health evaluation, the court entered an order on November 17, 2017, involuntarily committing Appellant under the Mental Health Procedures Act[2] for a period of 30 days. The court signed a second involuntary commitment order on December 21, 2017, and a third

---

[2] 50 P.S. §§ 7101 *et seq*.

involuntary commitment order on May 31, 2018.

Appellant subsequently regained competency, retained new private counsel, Attorney Rania Major, and proceeded to sentencing on July 20, 2018. The court sentenced Appellant to an aggregate term of two (2) to five (5) years' imprisonment, plus five (5) years' probation. Appellant timely filed a counseled post-sentence motion on July 27, 2018. The court denied relief on August 6, 2018. Appellant did not file a direct appeal.

On March 25, 2019, Appellant filed the current timely, counseled PCRA petition. Appellant alleged, *inter alia*, Attorney Dolfman was ineffective for failing to correct the record concerning Appellant's answers during the jury waiver colloquy. Appellant claimed trial counsel knew of his significant mental health issues at the time of trial, but trial counsel did not raise the possibility that Appellant was unable to knowingly, intelligently, and voluntarily waive his rights due to Appellant's incompetency. Appellant maintained that the PSI report, filed shortly after trial, confirmed Appellant's significant mental health issues. Appellant insisted counsel had no reasonable strategic basis for failing to bring Appellant's mental health issues to the court's attention, and counsel's ineffectiveness prejudiced Appellant. Appellant attached numerous exhibits to his PCRA petition including, but not limited to, the PSI report and his mental health records.

The Commonwealth filed a motion to dismiss on July 22, 2019, claiming Appellant failed to proffer an expert opinion that Appellant was incompetent

at the time he waived his right to a jury trial.

The record indicates that the court held a status conference on October 29, 2019.[3]  On November 4, 2019, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907.

On November 21, 2019, Appellant filed a *pro se* response to Rule 907 notice.[4]  Appellant alleged that PCRA counsel (Attorney Major) was ineffective for failing to subpoena trial counsel (Attorney Dolfman) for the October 29, 2019 proceeding.  Appellant claimed Attorney Major had informed him that Attorney Dolfman was ill and unable to attend the proceeding.  Appellant disputed the veracity of that claim.  Appellant also indicated in the proof of service attached to his response that he was indigent.

On November 25, 2019, Attorney Major filed an emergency motion for extension of time to respond to Rule 907 notice.  Counsel explained that Appellant told her on November 15, 2019, that he wanted new counsel. Because new counsel had not entered an appearance on Appellant's behalf, Attorney Major believed she was still duty-bound to represent Appellant.

_____

[3] This proceeding was not transcribed.

[4] In general, criminal defendants are not entitled to hybrid representation. **See Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032 (2011). Nevertheless, as discussed in greater detail later in this memorandum, Appellant's *pro se* allegations of PCRA counsel's ineffectiveness were proper under these circumstances. **See Commonwealth v. Ford**, 44 A.3d 1190, 1200 (Pa.Super. 2012) (explaining that issues of PCRA counsel's ineffectiveness must be raised in serial PCRA petition or in response to Rule 907 notice before PCRA court).

Attorney Major claimed she had a family medical emergency that required her immediate attention, and she asked the court for an extension until December 9, 2019, to respond to the Rule 907 notice.

The court did not rule on Attorney Major's motion, and Attorney Major did not submit a response to Rule 907 notice. On December 18, 2019, the court denied PCRA relief. On January 6, 2020, Appellant timely filed a *pro se* notice of appeal, along with a request for *in forma pauperis* status. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 30, 2020, the PCRA court permitted Attorney Major to withdraw and appointed new counsel, Attorney James Lloyd, III, to represent Appellant on appeal.

Appellant raises one issue for our review:

> Did the PCRA [c]ourt err and/or abuse its discretion when it denied and dismissed, without a hearing, [A]ppellant's petition under the PCRA, where [Appellant] suffered from mental illness prior to a non-jury trial and his counsel failed to advise the trial court of the seriousness and scope of [Appellant]'s documented and diagnosed mental illness resulting in waiver of [Appellant]'s right to a jury trial which was not knowing, intelligent, and voluntary?

(Appellant's Brief at 4).

Before reviewing Appellant's issue on appeal concerning trial counsel's alleged ineffectiveness, we must first address Appellant's allegations of PCRA counsel's ineffectiveness raised in response to the Rule 907 notice. This Court has recently explained:

> "[W]here an indigent, first-time PCRA petitioner was denied

- 6 -

his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011).

As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence. ***See Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence"). In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)).

While the existence of this right is well-established, the procedure for its enforcement, *i.e.*, raising allegations of PCRA counsel's ineffectiveness, remains ill-defined under Pennsylvania law:

> [T]here is no formal mechanism in the PCRA for a second round of collateral attack focusing upon the performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of previous counsel's ineffectiveness defaulted by initial-review PCRA counsel. Frankly, this Court has struggled with the question of how to enforce the "enforceable" right to effective PCRA counsel within the strictures of the PCRA[.] The question of whether and how to vindicate the right to effective PCRA counsel has been discussed at length in majority opinions and in responsive opinions .... But, the Justices have not been of one mind respecting how to resolve the issue, and no definitive resolution has emerged.

***Holmes, supra*** at 583-84. Stated more succinctly, "since petitioners are not authorized to pursue hybrid representation and counsel cannot allege [their] own ineffectiveness, claims of PCRA counsel ineffectiveness

- 7 -

cannot **ordinarily** be raised in state post-conviction proceedings[.]" **Commonwealth v. Rykard**, 55 A.3d 1177, 1188 (Pa.Super. 2012) (emphasis added).

However, our Supreme Court also concomitantly requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009).

\* \* \*

Subsequent interpretation of **Pitts** by both the Supreme Court and this Court have reaffirmed this aspect of the holding. **See Commonwealth v. Robinson**, 139 A.3d 178, 184 n.8 (Pa. 2016); **Commonwealth v. Henkel**, 90 A.3d 16, 25 (Pa.Super. 2014) (*en banc*) ("[T]he **Pitts** majority mandated that a petitioner raise any allegations of PCRA counsel ineffectiveness in response to the PCRA court's notice of dismissal").

**Commonwealth v. Betts**, 2020 Pa. Super 225, ___ A.3d ___, 2020 WL 5524288, at \*4-\*5 (Pa.Super. filed Sept. 15, 2020) (some internal citations omitted).

In **Betts**, the appellant had complied with **Pitts** by asserting PCRA counsel's ineffectiveness in response to the PCRA court's issuance of Rule 907 notice, and before entry of a final PCRA order. **Id.** at \*5. Nevertheless, the PCRA court did not consider the allegations of PCRA counsel's ineffectiveness prior to dismissing his PCRA petition, so the appellant's "concerns were not reviewed or investigated by the PCRA court in a meaningful way." **Id.** Consequently, this Court held that the appellant "never received the assistance of counsel in arguing the merits of these ineffectiveness claims to the PCRA court." **Id.** at \*6. This Court reasoned:

- 8 -

Appellant's rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding. *See Holmes, supra* at 583; *Henkel, supra* at 22-23 (citing Pa.R.Crim.P. 904(F)(2)). Necessarily, Appellant had a right to effective counsel when he alleged [PCRA counsel's] ineffectiveness in response to the PCRA court's Rule 907 notice. *Id.* However, as a matter of Pennsylvania law, he could not rely upon [PCRA] counsel to assist him in this specific context. *See Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011) ("[C]ounsel cannot argue his or her own ineffectiveness"); *see also, e.g., Commonwealth v. Ellis*, 626 A.2d 1137, 1138-39 (Pa. 1993) ("[U]nder no other circumstances are counsel and client permitted to present opposing arguments").

In this specific context, Appellant's timely allegations of ineffectiveness created a "substantial" and "irreconcilable" conflict in his relationship with [PCRA counsel]. *See* Pa.R.Crim.P. 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons"); [*Jette, supra* at 1041 n.10] ("To satisfy this standard, a defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him"). Our case law is replete with instances where allegations of ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context. *See, e.g.*, *Commonwealth v. Fox*, 383 A.2d 199, 200 (Pa. 1978) ("[W]e cannot assume that appellant's [post-conviction] counsel adequately advised appellant of his own inadequacies ....") (citing *Commonwealth v. Sherard*, 384 A.2d 234, 234 (Pa. 1977) (same)).

Instantly, [PCRA counsel] was faced with the impossible choices of: (1) taking no action, or rejecting Appellant's assertions of ineffectiveness, thereby narrowing Appellant's available claims for relief and opposing his client's interests; or (2) confirming Appellant's assertions and assisting Appellant in pursuing them while he still represented Appellant. Either choice would be objectionable under Pennsylvania law. *Accord Spotz, supra* at 329 n.52; *Ellis, supra* at 1138-39. And while Appellant had an obligation to raise these claims, we do not believe that *Pitts* requires him to shoulder the heavy burden of establishing his right

to relief without the assistance of counsel. Requiring Appellant to make substantive *pro se* arguments would undermine his efforts to obtain collateral relief. ***See, e.g.,*** [***Jette, supra*** at 1040] ("[P]ermitting the *pro se* brief may involve a conflict between lawyer and client, and this conflict could undermine appellant's chance of success"). Such a conclusion would subvert the purpose of Appellant's entitlement to the effective assistance of counsel.

In sum, we believe that Appellant is entitled to remand for the appointment of substitute PCRA counsel to prosecute these abeyant claims of ineffectiveness. Our Supreme Court has opined that remand and appointment of new PCRA counsel is appropriate in such circumstances:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

> ***Commonwealth v. Kenney***, 732 A.2d 1161, 1164 (Pa. 1999); ***see also Commonwealth v. Cox***, 204 A.3d 371, 390 (Pa. 2019) (affirming ***Kenney*** for the proposition that "remand for appointment of counsel is appropriate remedy when the right to appointment [of] counsel has been effectively denied").

***Betts, supra*** at *6-*7 (internal footnote omitted).

Instantly, although the record indicates that Appellant had the financial means to retain private counsel earlier in these proceedings, the record also suggests that Appellant was indigent at the time he responded *pro se* to the court's Rule 907 notice. Thus, Appellant was entitled to meaningful assistance from counsel at this stage of the PCRA proceedings. ***See id.*** Notwithstanding Appellant's claims of PCRA counsel's ineffectiveness and allegations of

indigency, the PCRA court did not decide whether Appellant was indigent and entitled to the appointment of counsel, *see* Pa.R.Crim.P. 904(C), (F)(2), appoint counsel in the interests of justice even if Appellant was not indigent, *see* Pa.R.Crim.P. 904(E), or otherwise address Appellant's claims of PCRA counsel's ineffectiveness.

Under these circumstances, the best resolution of this case is to vacate the order denying PCRA relief and remand for further proceedings. *See Kenney, supra*; *Betts, supra*. On remand, court-appointed appellate counsel (Attorney Lloyd) shall: (1) review Appellant's *pro se* allegations of PCRA counsel's ineffectiveness;[5] (2) file supplemental briefing limited to discussing the merits of those claims within a reasonable time frame; and (3) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have a reasonable opportunity to respond. Thereafter, the PCRA court shall proceed as it deems appropriate. *See id.* (issuing similar instructions upon remand).

Order vacated. Case remanded with instructions. Jurisdiction is relinquished.

---

[5] As this Court acknowledged in *Betts*, "Appellant's assertions of [PCRA counsel's] ineffectiveness may ultimately prove meritless. Our holding is concerned only with ensuring those claims are given proper consideration. Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions." *Betts, supra* at *7 n.13.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/06/2020</u>