J-S48019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERRICK TT WALKER | : | |
| | : | |
| Appellant | : | No. 1564 EDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007470-2011


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERRICK TT WALKER | : | |
| | : | |
| Appellant | : | No. 1565 EDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007471-2011


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERRICK TT WALKER | : | |
| | : | |
| Appellant | : | No. 1566 EDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007472-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
               Appellee :
:
              v. :
:
DERRICK TT WALKER :
:
              Appellant : No. 1567 EDA 2019

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007473-2011

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.: **FILED OCTOBER 30, 2020**

Appellant, Derrick TT Walker, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On June 6, 2013, a jury convicted Appellant at the above-listed docket numbers of four counts of unlawful contact with a minor, four counts of corruption of minors, and one count each of unlawful restraint, luring a child into a motor vehicle, and simple assault. Appellant's convictions stem from offenses he committed in May 2011, when he made lewd comments to four young girls on their way to school, and he attempted to pull one of the girls into his vehicle.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

The court sentenced Appellant on January 23, 2014, to an aggregate term across all dockets of four to ten years' imprisonment. The court also designated Appellant a sexually violent predator. This Court affirmed the judgment of sentence on May 13, 2016, and our Supreme Court denied allowance of appeal on October 13, 2016. *See Commonwealth v. Walker*, 139 A.3d 225 (Pa.Super. 2016), *appeal denied*, 638 Pa. 767, 158 A.3d 1243 (2016).

On January 17, 2018, Appellant filed a *pro se* PCRA petition. The court appointed PCRA counsel, who filed amended petitions on October 10, 2018 and February 19, 2019. In the February 19, 2019 filing, Appellant produced a cash slip confirming that he handed his *pro se* PCRA petition to prison authorities for mailing on January 12, 2018.[2] PCRA counsel alleged the petition was timely filed under the prisoner mailbox rule, and that trial counsel had been ineffective for conceding Appellant's guilt in opening statements at trial, despite Appellant's objections. While the PCRA petition was pending, Appellant sent numerous letters to PCRA counsel, complaining about their failure to communicate and asking PCRA counsel to file supplemental amended petitions. PCRA counsel did not file any further petitions on Appellant's behalf.

On March 19, 2019, the court issued notice of its intent to dismiss the

_____

[2] Pursuant to the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa.Super. 2019).

petition without a hearing, per Pa.R.Crim.P. 907. The Rule 907 notice informed Appellant that he had 20 days to reply, and that his petition was scheduled for formal dismissal on April 22, 2019.

On March 25, 2019, Appellant filed a *pro se* letter with the court, asking it to send Appellant a copy of his amended PCRA petition in an expedited manner. Appellant claimed he was in receipt of the court's Rule 907 notice, but that PCRA counsel had failed to keep him apprised of any developments in his case. Appellant was unsure if counsel would be filing any response to Rule 907 notice. Appellant also claimed he did not have a copy of the amended PCRA petition, and he could not be certain what issues PCRA counsel raised on his behalf. Appellant expressed his intent to respond to Rule 907 notice. The court forwarded Appellant a copy of PCRA counsel's February 19, 2019 amended PCRA petition on March 29, 2019.

On April 12, 2019, Appellant filed a *pro se* motion for new counsel. Appellant alleged PCRA counsel's ineffectiveness, cited their "irreconcilable differences," and requested the appointment of new PCRA counsel. The court did not take any action on this motion.

On April 22, 2019, the court denied PCRA relief. That same day, Appellant filed a *pro se* response to Rule 907 notice.[3] In this filing, Appellant

---

[3] Appellant's *pro se* response to Rule 907 notice is dated April 12, 2019. Although the record does not contain a cash slip indicating exactly when Appellant deposited this filing to prison authorities for mailing, the date

again alleged PCRA counsel's ineffectiveness for failing to tell Appellant about the status of his case, failing to inform Appellant of the content of the amended PCRA petition, and failing to explain the court's Rule 907 notice. Appellant maintained PCRA counsel had been derelict in his duty to keep Appellant informed about developments in his case, did not discuss any PCRA strategy with Appellant, and excluded meritorious issues from Appellant's amended PCRA petition. Appellant explained he had previously cited PCRA counsel's ineffectiveness in his motion for new counsel, but he was still waiting for a ruling from the court on that motion. Appellant also acknowledged that his response to Rule 907 notice was filed beyond the 20-day deadline,[4] but Appellant explained he did not receive the copy of PCRA counsel's amended PCRA petition until April 9, 2019, due to delays in the prison mail system.

On May 20, 2019, Appellant timely filed a *pro se* notice of appeal at each underlying docket. Appellant filed a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), on May 29, 2019. On January 13, 2020, this Court consolidated the appeals *sua sponte*. Additionally, observing that Appellant had filed a *pro se* notice of appeal and that PCRA counsel had not been permitted to withdraw, this Court remanded

---

indicates it was filed before the court's denial of PCRA relief pursuant to the prisoner mailbox rule, **see *DiClaudio, supra***, even though the court presumably had not received it at the time it denied relief.

[4] **See** Pa.R.Crim.P. 907(1) (allowing petitioner to respond to Rule 907 notice within 20 days of date of notice).

for a determination as to whether PCRA counsel had abandoned Appellant and further action as necessary to protect Appellant's appellate rights. On January 30, 2020, the PCRA court permitted PCRA counsel to withdraw, and subsequently appointed current counsel to represent Appellant on appeal.

Appellant raises three issues for our review:

> Whether the [PCRA] court erred in finding trial counsel was not ineffective for failing to request a bill of particulars?
>
> Whether the [PCRA] court erred in denying without an evidentiary hearing [Appellant's] claim that trial counsel was ineffective for conceding that [Appellant] made lewd remarks to the victims when this concession was made without [Appellant's] consent in violation of **McCoy v. Louisiana**, 138 S.Ct. 1500 (2018)?
>
> Whether PCRA counsel was ineffective for failing to challenge the retroactive application of SORNA and/or SORNA II to [Appellant's] case since it constitutes an illegal sentence and *ex post facto* violation of the Pennsylvania and United States Constitutions since the crimes in question occurred before the enactment of SORNA?

(Appellant's Brief at 3).

As a preliminary matter, we must address Appellant's allegations of PCRA counsel's ineffectiveness raised in response to the Rule 907 notice. This Court has recently explained:

> "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right— this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.Super. 2011).
>
> As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial

collateral review of his judgment of sentence. *See Commonwealth v. Albert*, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence"). In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." *See Commonwealth v. Holmes*, 79 A.3d 562, 583 (Pa. 2013) (quoting *Commonwealth v. Albrecht*, 720 A.2d 693, 699-700 (Pa. 1998)).

While the existence of this right is well-established, the procedure for its enforcement, *i.e.*, raising allegations of PCRA counsel's ineffectiveness, remains ill-defined under Pennsylvania law:

> [T]here is no formal mechanism in the PCRA for a second round of collateral attack focusing upon the performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of previous counsel's ineffectiveness defaulted by initial-review PCRA counsel. Frankly, this Court has struggled with the question of how to enforce the "enforceable" right to effective PCRA counsel within the strictures of the PCRA[.] The question of whether and how to vindicate the right to effective PCRA counsel has been discussed at length in majority opinions and in responsive opinions .... But, the Justices have not been of one mind respecting how to resolve the issue, and no definitive resolution has emerged.

*Holmes, supra* at 583-84. Stated more succinctly, "since petitioners are not authorized to pursue hybrid representation and counsel cannot allege [their] own ineffectiveness, claims of PCRA counsel ineffectiveness cannot **ordinarily** be raised in state post-conviction proceedings[.]" *Commonwealth v. Rykard*, 55 A.3d 1177, 1188 (Pa.Super. 2012) (emphasis added).

However, our Supreme Court also concomitantly requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. *See Commonwealth v.*

> ***Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009).
>
> \* \* \*
>
> Subsequent interpretation of ***Pitts*** by both the Supreme
> Court and this Court have reaffirmed this aspect of the
> holding. ***See Commonwealth v. [A.] Robinson***, 139 A.3d
> 178, 184 n.8 (Pa. 2016); ***Commonwealth v. Henkel***, 90
> A.3d 16, 25 (Pa.Super. 2014) (*en banc*) ("[T]he ***Pitts***
> majority mandated that a petitioner raise any allegations of
> PCRA counsel ineffectiveness in response to the PCRA
> court's notice of dismissal").

***Commonwealth v. Betts***, 2020 PA Super 225, \_\_\_ A.3d \_\_\_, 2020 WL

5524288, at \*4-\*5 (Pa.Super. filed Sept. 15, 2020) (some internal citations

omitted).

Additionally, this Court has emphasized the importance of effective

assistance of counsel regarding a petitioner's first PCRA petition:

> While the right to legal representation in the PCRA context
> is not constitutionally derived, the importance of that right
> cannot be diminished merely due to its rule-based
> derivation. In the post-conviction setting, the defendant
> normally is seeking redress for trial counsel's errors and
> omissions. Given the current time constraints of [the
> PCRA], a defendant's first PCRA petition, where the rule-
> based right to counsel unconditionally attaches, may well be
> the defendant's sole opportunity to seek redress for such
> errors and omissions. Without the input of an attorney,
> important rights and defenses may be forever lost.

***Commonwealth v. J. Robinson***, 970 A.2d 455, 458-59 (Pa.Super. 2009)

(*en banc*). Importantly, "[a]n indigent petitioner is entitled to appointment of

counsel on his first PCRA petition, even where the petition appears untimely

on its face." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002).

"In such cases, counsel is appointed principally to determine whether the

petition is indeed untimely, and if so, whether any exception to the timeliness requirements [of the PCRA] applies." *Id.* at 852.

In ***Betts, supra***, the appellant had complied with ***Pitts*** by asserting PCRA counsel's ineffectiveness in response to the PCRA court's issuance of Rule 907 notice, and before entry of a final PCRA order. *Id.* at \*5. Nevertheless, the PCRA court did not consider the allegations of PCRA counsel's ineffectiveness prior to dismissing his PCRA petition, so the appellant's "concerns were not reviewed or investigated by the PCRA court in a meaningful way." *Id.* Consequently, this Court held that the appellant "never received the assistance of counsel in arguing the merits of these ineffectiveness claims to the PCRA court." *Id.* at \*6. This Court reasoned:

> Appellant's rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding. ***See Holmes, supra*** at 583; ***Henkel, supra*** at 22-23 (citing Pa.R.Crim.P. 904(F)(2)). Necessarily, Appellant had a right to effective counsel when he alleged [PCRA counsel's] ineffectiveness in response to the PCRA court's Rule 907 notice. *Id.* However, as a matter of Pennsylvania law, he could not rely upon [PCRA] counsel to assist him in this specific context. ***See Commonwealth v. Spotz***, 18 A.3d 244, 329 n.52 (Pa. 2011) ("[C]ounsel cannot argue his or her own ineffectiveness"); ***see also, e.g., Commonwealth v. Ellis***, 626 A.2d 1137, 1138-39 (Pa. 1993) ("[U]nder no other circumstances are counsel and client permitted to present opposing arguments").
>
> In this specific context, Appellant's timely allegations of ineffectiveness created a "substantial" and "irreconcilable" conflict in his relationship with [PCRA counsel]. ***See*** Pa.R.Crim.P. 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons"); ***Commonwealth v. Jette***, 611 Pa. 166, 23 A.3d 1032,

1041 n.10 (2011) ("To satisfy this standard, a defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him"). Our case law is replete with instances where allegations of ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context. ***See, e.g.***, ***Commonwealth v. Fox***, 383 A.2d 199, 200 (Pa. 1978) ("[W]e cannot assume that appellant's [post-conviction] counsel adequately advised appellant of his own inadequacies ....") (citing ***Commonwealth v. Sherard***, 384 A.2d 234, 234 (Pa. 1977) (same)).

\*    \*    \*

In sum, we believe that Appellant is entitled to remand for the appointment of substitute PCRA counsel to prosecute these abeyant claims of ineffectiveness. Our Supreme Court has opined that remand and appointment of new PCRA counsel is appropriate in such circumstances:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

> ***Commonwealth v. Kenney***, 732 A.2d 1161, 1164 (Pa. 1999); ***see also Commonwealth v. Cox***, 204 A.3d 371, 390 (Pa. 2019) (affirming ***Kenney*** for the proposition that "remand for appointment of counsel is appropriate remedy when the right to appointment [of] counsel has been effectively denied").

***Betts, supra*** at \*6-\*7 (internal footnote omitted).

Instantly, the record confirms that Appellant is indigent and that the current petition is his first PCRA petition. After receiving the court's Rule 907 notice, Appellant alleged PCRA counsel's ineffectiveness in his April 12, 2019

- 10 -

motion for change of counsel. Notwithstanding Appellant's allegations, the court did not act on this motion or decide whether Appellant was entitled to the appointment of new PCRA counsel. Appellant again expressly alleged PCRA counsel's ineffectiveness in his response to Rule 907 notice. Regardless of the timeliness of this filing, the court was aware of Appellant's ineffectiveness allegations against PCRA counsel prior to dismissing the PCRA petition.

Significantly, the Commonwealth maintains on appeal that the current PCRA petition is actually untimely by one day, and that Appellant did not allege any exceptions to the PCRA time-bar in his *pro se* PCRA petition or amended petitions.[5] The Commonwealth's analysis in this respect appears to be correct, where the Supreme Court denied allowance of appeal on October 13, 2016 and Appellant had until Wednesday, January **11**, 2017, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1), (3) (stating any petition filed under this subchapter shall be filed within one year date of judgment becomes final unless petitioner can plead and prove one of enumerated timeliness exceptions; judgment becomes final at conclusion of direct review, including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking such review); U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari* with U.S. Supreme

---

[5] We note that the PCRA court denied relief on Appellant's claims for lacking merit. The court did not conduct any timeliness analysis.

Court). Appellant did not file his *pro se* PCRA petition until Thursday, January 12, 2017, under the prisoner mailbox rule.

The fact that the current PCRA petition is facially untimely does not deprive Appellant of meaningful appointment of counsel throughout litigation of his first PCRA petition. **See Perez, supra**. Under these circumstances, the best resolution of this case is to vacate the order denying PCRA relief and remand for further proceedings. **See Kenney, supra**; **Betts, supra**. On remand, current counsel shall: (1) discern whether the instant PCRA petition is untimely and if any time-bar exception applies; (2) review Appellant's *pro se* allegations of PCRA counsel's ineffectiveness;[6] (3) file supplemental briefing limited to these issues within a reasonable time frame; and (4) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have a reasonable opportunity to respond. Thereafter, the PCRA court shall proceed as it deems appropriate. **See id.** (issuing similar instructions upon remand).

Order vacated. Case remanded with instructions. Jurisdiction is relinquished.

---

[6] As this Court acknowledged in **Betts**, "Appellant's assertions of [PCRA counsel's] ineffectiveness may ultimately prove meritless. Our holding is concerned only with ensuring those claims are given proper consideration. Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions." **Betts, supra** at *7 n.13.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/20