J-S24018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERON LEE ODEM | : | |
| | : | |
| Appellant | : | No. 60 WDA 2021 |

Appeal from the PCRA Order Entered October 9, 2020
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0001140-2016

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED:  September 13, 2021**

Appellant, Deron Lee Odem, appeals from the order entered in the Mercer County Court of Common Pleas, which denied Appellant's first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings, and deny counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On September 13, 2017, Appellant entered an open plea of *nolo contendere* to rape.  On the date scheduled for sentencing, Appellant appeared before the court and asked to withdraw his plea.  Appellant claimed he was innocent and alleged that plea counsel's ineffectiveness caused him to enter an unknowing

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

and involuntary plea.  Appellant filed a formal motion to withdraw his plea on December 6, 2017.  Following a hearing on December 14, 2017, the court denied Appellant's motion on December 19, 2017.  On January 31, 2018, the court sentenced Appellant to 114 to 240 months' imprisonment.[2]

Appellant timely filed a direct appeal, claiming the trial court erred in denying his motion to withdraw his plea.[3]  Nevertheless, this Court considered the issue waived because Appellant filed his Rule 1925(b) concise statement of errors complained of on appeal four days late.  In a footnote, this Court explained that even if Appellant had preserved his issue for appellate review, it would not have merited any relief.  Thus, this Court affirmed Appellant's judgment of sentence on September 21, 2018.  *See Commonwealth v. Odem*, 198 A.3d 481 (Pa.Super. 2018) (unpublished memorandum).

Appellant filed a *pro se* PCRA petition on January 29, 2020, alleging appellate counsel was ineffective in waiving Appellant's sole issue raised on direct appeal.  Appellant further claimed his petition was timely under the "newly-discovered facts" exception to the PCRA time-bar.  Appellant averred that he received a letter from the Public Defender's Office on November 7, 2019, in response to an inquiry from Appellant, stating that the Public Defender withdrew as counsel following sentencing, and the court had

---

[2] The Public Defender's Office represented Appellant during the plea and sentencing proceedings.

[3] The court appointed new counsel for the appeal, Attorney Jarrett Whalen.

appointed Attorney Whalen for Appellant's direct appeal. Appellant said he then received a letter from Attorney Whalen on November 18, 2019, in response to an inquiry from Appellant, stating that the Superior Court had denied Appellant's direct appeal. Appellant attached the letters from the Public Defender's Office and Attorney Whalen to his PCRA petition. Appellant emphasized that Attorney Whalen's letter states that he was appointed as counsel on February 15, 2018, and that Attorney Whalen sent notice of the appointment to Appellant at United States Penitentiary ("USP") Big Sandy, a federal prison in Kentucky. Appellant insisted he did not receive notice of counsel's appointment because he was located in USP Terra Haute, a federal prison in Indiana. Appellant stated:

> Although Petitioner attempted to use due diligence to obtain information, the Federal Prisons lacked adequate PA law services, [and] denied/ignored his requests. Petitioner further discovered 'why' his appeal was denied. On March 2, 2018, [the] trial court ordered Appellate counsel to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), within 21 days.
>
> Appellate counsel failed to file a timely [Rule] 1925(b) causing an automatic waiver of Petitioner's issues.

(Appellant's PCRA Petition, filed 1/29/20, at ¶¶9-10) (internal citation omitted). Appellant's PCRA petition suggested that Appellant was unaware of this Court's decision on direct appeal until he received the November 2019 correspondence from Attorney Whalen.

The court appointed PCRA counsel on January 30, 2020, who subsequently filed a petition to withdraw along with a "no-merit" letter

pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In his no-merit letter, PCRA counsel said the current petition was untimely.[4] Moreover, PCRA counsel stated Appellant's ineffectiveness claim failed the prejudice prong of the ineffectiveness test where this Court said Appellant's claim on direct appeal would not have merited any relief even if properly preserved.

Appellant filed a *pro se* response on September 8, 2020, disagreeing with PCRA counsel's analysis. Appellant averred that appellate counsel (Attorney Whalen) was *per se* ineffective for failing to file a timely Rule 1925(b) statement, which resulted in the waiver of Appellant's sole issue on direct appeal. Because appellate counsel was *per se* ineffective, Appellant contended that he was not obligated to prove prejudice, so this Court's "moreover" analysis on direct appeal was of no moment.[5] Appellant further maintained PCRA counsel was ineffective in failing to consult with Appellant about his PCRA claims. Appellant alleged PCRA counsel did not meet with Appellant at any point and only reviewed this Court's decision on direct appeal.

---

[4] Counsel did not address whether any PCRA timeliness exception applied.

[5] In support of this claim, Appellant cited, *inter alia*, **Commonwealth v. Halley**, 582 Pa. 164, 173, 870 A.2d 795, 801 (2005) (holding failure to file timely Rule 1925(b) statement on behalf of criminal defendant which results in waiver of all claims asserted on direct appeal "represents the sort of actual or constructive denial of assistance of counsel falling within the narrow category of circumstances in which prejudice is legally presumed").

Appellant also complained that PCRA counsel did not conduct any analysis of Appellant's asserted time-bar exception or make inquiries from Appellant to discern whether Appellant could overcome the timeliness hurdle. Appellant reiterated that he did not learn of appellate counsel's waiver of Appellant's issue on direct appeal until November 2019, when he received correspondence from Attorney Whalen. Appellant asked the court to appoint new counsel for Appellant.

Along with his response to the no-merit letter, Appellant filed a *pro se* motion for enlargement of time, seeking an extension to file an amended PCRA petition. Appellant asked for a 30-day extension in which to file an amended PCRA petition due to restrictions Appellant faced accessing the law library in light of the COVID-19 pandemic.

On September 15, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907 and granted PCRA counsel's petition to withdraw. The court also denied Appellant's request for new counsel and motion for enlargement of time. The court formally denied PCRA relief on October 9, 2020.

On October 22, 2020, Appellant filed a motion to vacate the order denying PCRA relief. Appellant claimed that he did not receive the Rule 907 notice. Appellant emphasized that the court also did not address any of the claims raised in his response to counsel's no-merit letter. Appellant further reiterated his claims of PCRA counsel's ineffectiveness in failing to

communicate with Appellant. Appellant again sought the appointment of new counsel.

On October 23, 2020, the court denied Appellant's motion to vacate. Appellant timely filed a *pro se* notice of appeal from the order denying PCRA relief on Monday, November 9, 2020. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court also appointed new counsel for appeal.[6] Counsel subsequently filed a Rule 1925(b) statement.

Preliminarily, current appellate counsel has filed a petition to withdraw and a **Turner**/**Finley** brief on appeal.[7] Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law

---

[6] We note that an appellant is generally not entitled to court-appointed counsel on appeal after PCRA counsel is permitted to withdraw. **See Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under **Turner**/**Finley**, court shall not appoint new counsel and appellant must look to his own resources for future proceedings). Nevertheless, the court can appoint counsel for appeal in the interests of justice. **See** Pa.R.Crim.P. 904(E) (stating judge shall appoint counsel to represent defendant whenever interests of justice require it).

[7] Counsel incorrectly designated his brief as one per **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which applies to attorneys seeking to withdraw representation on direct appeal. We can accept counsel's filing in this case as a **Turner**/**Finley** brief. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept **Anders** brief in *lieu* of **Turner**/**Finley** brief, where PCRA counsel seeks to withdraw on appeal).

requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and

**Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel

must also send to the petitioner a copy of the "no-merit" letter or brief and

motion to withdraw and advise petitioner of his right to proceed *pro se* or with

privately retained counsel. **Id.** "Substantial compliance with these

requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, current counsel filed a petition to withdraw as counsel and a

brief detailing the nature of counsel's review and explaining why counsel

believes Appellant's issues lack merit. Counsel also states that he reviewed

the certified record and found no meritorious issues for appeal. Counsel

notified Appellant of counsel's request to withdraw and advised Appellant

regarding his rights. Thus, counsel substantially complied with the technical

**Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**.

Counsel raises the following issues on Appellant's behalf:[8]

> Whether the [PCRA] court erred in dismissing, and therefore denying, [Appellant's] January 29, 2020 petition for [PCRA] relief based upon [Appellant's] claim that:

---

[8] Appellant has not responded *pro se* or with private counsel.

      (a)   the sentencing court abused its discretion in denying [Appellant's] request to withdraw his [*nolo contendere*] plea; and

      (b)   [Appellant's] prior court-appointed attorney was ineffective by failing to file a statement of errors complained of on appeal in a timely manner resulting in [Appellant's] appeal being dismissed.

(***Turner***/***Finley*** Brief at 7).

As a second preliminary matter, we must address Appellant's *pro se* allegations of PCRA counsel's ineffectiveness. This Court has recently explained:

> "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011).

> As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence. ***See Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence"). In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)).

> While the existence of this right is well-established, the procedure for its enforcement, *i.e.*, raising allegations of PCRA counsel's ineffectiveness, remains ill-defined under Pennsylvania law:

> > [T]here is no formal mechanism in the PCRA for a second round of collateral attack focusing upon the

performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of previous counsel's ineffectiveness defaulted by initial-review PCRA counsel. Frankly, this Court has struggled with the question of how to enforce the "enforceable" right to effective PCRA counsel within the strictures of the PCRA[.] The question of whether and how to vindicate the right to effective PCRA counsel has been discussed at length in majority opinions and in responsive opinions .... But, the Justices have not been of one mind respecting how to resolve the issue, and no definitive resolution has emerged.

***Holmes, supra*** at 583-84. Stated more succinctly, "since petitioners are not authorized to pursue hybrid representation and counsel cannot allege [their] own ineffectiveness, claims of PCRA counsel ineffectiveness cannot **ordinarily** be raised in state post-conviction proceedings[.]" [***Rykard, supra*** at 1188] (emphasis added).

However, our Supreme Court also concomitantly requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. ***See Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009).

\* \* \*

Subsequent interpretation of ***Pitts*** by both the Supreme Court and this Court have reaffirmed this aspect of the holding. ***See Commonwealth v. [A.] Robinson***, 139 A.3d 178, 184 n.8 (Pa. 2016); ***Commonwealth v. Henkel***, 90 A.3d 16, 25 (Pa.Super. 2014) (*en banc*) ("[T]he ***Pitts*** majority mandated that a petitioner raise any allegations of PCRA counsel ineffectiveness in response to the PCRA court's notice of dismissal").

***Commonwealth v. Betts***, 240 A.3d 616, 621-22 (Pa.Super. 2020) (some internal citations omitted).

Additionally, this Court has emphasized the importance of effective

assistance of counsel regarding a petitioner's first PCRA petition:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of [the PCRA], a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

*Commonwealth v. J. Robinson*, 970 A.2d 455, 458-59 (Pa.Super. 2009) (*en banc*). Importantly, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa.Super. 2002). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements [of the PCRA] applies." *Id.* at 852.

In *Betts, supra*, the appellant had complied with *Pitts* by asserting PCRA counsel's ineffectiveness in response to the PCRA court's issuance of Rule 907 notice, and before entry of a final PCRA order. *Betts, supra* at 622. Nevertheless, the PCRA court did not consider the allegations of PCRA counsel's ineffectiveness prior to dismissing his PCRA petition, so the appellant's "concerns were not reviewed or investigated by the PCRA court in a meaningful way." *Id.* at 623. Consequently, this Court held that the appellant "never received the assistance of counsel in arguing the merits of

these ineffectiveness claims to the PCRA court." ***Id.*** This Court reasoned:

> Appellant's rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding. ***See Holmes, supra*** at 583; ***Henkel, supra*** at 22-23 (citing Pa.R.Crim.P. 904(F)(2)). Necessarily, Appellant had a right to effective counsel when he alleged [PCRA counsel's] ineffectiveness in response to the PCRA court's Rule 907 notice. ***Id.*** However, as a matter of Pennsylvania law, he could not rely upon [PCRA] counsel to assist him in this specific context. ***See Commonwealth v. Spotz***, 18 A.3d 244, 329 n.52 (Pa. 2011) ("[C]ounsel cannot argue his or her own ineffectiveness"); ***see also, e.g., Commonwealth v. Ellis***, 626 A.2d 1137, 1138-39 (Pa. 1993) ("[U]nder no other circumstances are counsel and client permitted to present opposing arguments").
>
> In this specific context, Appellant's timely allegations of ineffectiveness created a "substantial" and "irreconcilable" conflict in his relationship with [PCRA counsel]. ***See*** Pa.R.Crim.P. 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons"); ***Commonwealth v. Jette***, 611 Pa. 166, 23 A.3d 1032, 1041 n.10 (2011) ("To satisfy this standard, a defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him"). Our case law is replete with instances where allegations of ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context. ***See, e.g.***, ***Commonwealth v. Fox***, 383 A.2d 199, 200 (Pa. 1978) ("[W]e cannot assume that appellant's [post-conviction] counsel adequately advised appellant of his own inadequacies ....") (citing ***Commonwealth v. Sherard***, 384 A.2d 234, 234 (Pa. 1977) (same)).
>
> *    *    *
>
> In sum, we believe that Appellant is entitled to remand for the appointment of substitute PCRA counsel to prosecute these abeyant claims of ineffectiveness. Our Supreme Court has opined that remand and appointment of new PCRA counsel is appropriate in such circumstances:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.
>
> ***Commonwealth v. Kenney***, 732 A.2d 1161, 1164 (Pa. 1999); ***see also Commonwealth v. Cox***, 204 A.3d 371, 390 (Pa. 2019) (affirming ***Kenney*** for the proposition that "remand for appointment of counsel is appropriate remedy when the right to appointment [of] counsel has been effectively denied").

***Betts, supra*** at 623-24 (internal footnote omitted).

Instantly, the record confirms that Appellant is indigent and that the current petition is his first PCRA petition. After receiving PCRA counsel's no-merit letter, Appellant filed a *pro se* response, alleging PCRA counsel's ineffectiveness. Appellant further reiterated his claims of PCRA counsel's ineffectiveness in his motion to vacate the order denying PCRA relief.

Significantly, the court did not address Appellant's claims of PCRA counsel's ineffectiveness at any point. The court did not issue an opinion accompanying its Rule 907 notice, order denying PCRA relief, or order denying Appellant's motion to vacate. The court's Rule 1925(a) opinion also does not discuss Appellant's allegations of PCRA counsel's ineffectiveness.

Notably, Appellant's current petition is facially untimely, where his judgment of sentence became final on October 21, 2018, and Appellant did not file the current PCRA petition until over one year later, on January 29,

2020. **See** 42 Pa.C.S.A. § 9545(b)(1), (3) (stating any petition filed under this subchapter shall be filed within one year of date that judgment becomes final unless petitioner can plead and prove one of enumerated timeliness exceptions; judgment becomes final at conclusion of direct review, including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking such review); Pa.R.A.P. 1113 (allowing 30 days to file petition for allowance of appeal with Pennsylvania Supreme Court).

Nevertheless, the fact that the current PCRA petition is facially untimely does not deprive Appellant of meaningful appointment of counsel throughout litigation of his first PCRA petition. **See Perez, supra**. Notwithstanding Appellant's asserted exception to the PCRA time-bar, PCRA counsel failed to conduct any analysis of the time-bar exceptions in his no-merit letter, and instead decided that Appellant's ineffectiveness claim failed on the merits.[9] Current appellate counsel similarly failed to analyze whether any time-bar exception applied in this case and instead decided Appellant's ineffectiveness claims failed on the merits.

Further, the record indicates that Appellant might have a non-frivolous issue concerning appellate counsel's (Attorney Whalen's) ineffectiveness, if he

---

[9] Likewise, the PCRA court denied relief on Appellant's claims for lacking merit. The court did not conduct any timeliness analysis. (**See** Rule 1925(a) Opinion, filed 1/8/21, at 3-7).

- 13 -

can establish a PCRA time-bar exception. *See Halley, supra* (holding failure to file timely Rule 1925(b) statement on behalf of criminal defendant constitutes *per se* ineffectiveness such that prejudice is legally presumed; remedy for such deprivation of fundamental right to appeal is its restoration).[10]

Under these circumstances, the best resolution of this case is to vacate the order denying PCRA relief and remand for further proceedings. *See Kenney, supra*; *Betts, supra*. On remand, current counsel shall: (1) analyze whether any time-bar exception applies to render the PCRA petition timely; (2) review Appellant's *pro se* allegations of PCRA counsel's ineffectiveness;[11] (3) file supplemental briefing on these issues within a

---

[10] In *Halley*, this Court on direct appeal had considered the appellant's issues waived, but in a footnote, concluded that the claims would merit no relief in any event. Our Supreme Court acknowledged as much, stating:

> We are cognizant that both the PCRA court and the Superior Court have conducted merits review of Appellant's underlying claims and found no basis for relief. Although our decision here will thus result in duplicative review in Appellant's particular circumstance, the necessary review does not appear to be burdensome, and this case was not selected to determine whether an alternative procedure might serve as an adequate substitute to vindicate a criminal defendant's constitutionally guaranteed right to a direct appeal.

*Id.* at 173 n.5, 870 A.2d at 801 n.5 (internal citation omitted).

[11] As this Court acknowledged in *Betts*, "Appellant's assertions of [PCRA counsel's] ineffectiveness may ultimately prove meritless. Our holding is
*(Footnote Continued Next Page)*

reasonable time frame; and (4) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have a reasonable opportunity to respond. Thereafter, the PCRA court shall proceed as it deems appropriate. *See id.* (issuing similar instructions upon remand).

Order vacated. Case remanded with instructions. Counsel's petition to withdraw denied. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021

---

concerned only with ensuring those claims are given proper consideration. Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions." *Betts, supra* at 625 n.13.